T. J. HITTE, ADMR., PLAINTIFF IN ERROR, V. THE REPUBLICAN VALLEY RAILROAD COMPANY, DE-FENDANT IN ERROR.

**Railroads:** NEGLIGENCE DURING CONSTRUCTION. A railroad company which has entered into an agreement with a contractor to build a portion of its railroad, and whose locomotives, cars, etc., used in such construction, are run exclusively under the direction and control of the contractor, will not be liable for damages occasioned prior to the completion of the road, by reason of the negligence of the persons running such locomotives and cars.

ERROR to the district court for Nemaha county.    Tried below before DAVIDSON, J.

*Thomas B. Stevenson* and *Edwin J. Murfin*, for plaintiff in error.

*T. M. Marquett* and *J. W. Deweese*, for defendant in error.

COBB, J.

This action was brought in the district court of Nemaha county by the plaintiff in error against the defendant in error for damages alleged to have accrued to the plaintiff in error, as administrator, for the negligence of the servants and employes of the defendant railroad company, by means of which the intestate of plaintiff was run over and killed by the cars of defendant.

There was a trial to a jury, which, by direction of the court, found a verdict for the defendant.

There is but one question presented by the record in this case to which it is deemed necessary to direct our attention, and that is, whether, under the law and the facts as shown by the evidence preserved in the bill of exceptions, the de-

fendant was responsible for the manner of running and operating the train at the time and place of the accident.

It appears from the testimony of plaintiff's witnesses that the railroad was being built; that the plaintiff's intestate was run over and killed, or, rather, in the language of the witness C. C. Donald, "while they were laying the iron or surfacing." This witness, as well as others, speaks of the train by which Hitte was killed as a construction train. I assume it, then, to have been clearly proved by plaintiff's own witnesses that the road was being constructed, and had not been finished or opened for business or traffic at the time of the injury.

From the evidence of the defendant it appears that part of its road lying between Nemaha City and Tecumseh was built by John Fitzgerald, under contract with the defendant company ; that the said road was unfinished and being constructed at the time of the said injury; that the engine and cars by which said injury was inflicted were in the care and custody, and were being run, operated, and managed by the servants and hired men of the said John Fitzgerald, and not of the defendant. The following clauses of the contract between defendant and the said John Fitzgerald are deemed material, as showing the contractual relations between said company and said contractor in reference to the responsible use of the engine and cars, through which the injury in question occurred.

"This indenture and agreement, made this first day of October, 1880, by and between the Republican Valley Railroad Company, party of the first part, and John Fitzgerald, party of the second part, witnesseth: That the party of the second part, in consideration of the covenants, promises, and agreements of and in behalf of the party of the first part, will, and hereby does agree, covenant, and promise, to and with said party of the first part, to construct, that is to grade, bridge, and lay track over that part of the Republican Valley railroad as now located, from a point

on the Nebraska railway at or near Nemaha, in Nemaha county, Nebraska, to a point in the north-west quarter of section 28, 15 N., R. 14, and provided said party shall desire it, from the latter point on a line hereafter to be decided upon to a point on the Atchison and Nebraska railway at or near Tecumseh, a distance of 33 miles.    *    *    *    All work must be done in strict accordance with the specifications hereto attached, which specifications are a part of this contract, and under the directions and to the satisfaction of the engineer in charge of said railroad to be constructed, whose orders in all matters relating to this contract the second party agrees implicitly to obey.    *    *    *    The party of the first part agrees to furnish the necessary cars.    *    *    *    The party of the first part agrees to attend to the usual and common repairs of engine and cars necessary during their usage by the party of the second part, but party of the second part will be held responsible for any damages or breakage done to said trains through neglect or disobedience of established rules by itself, agents, or employes, or through defects in road while constructing the same."    *    *    *

The greater part of the brief of plaintiff in error is devoted to a discussion of alleged errors on the part of the court in refusing to instruct the jury upon the question of negligence, in its several aspects and bearings, as applicable to the defendant, and of contributory negligence as applicable to the plaintiff's decedent.    I do not feel called upon to express any opinion as to whether there was any evidence of negligence in the running and management of the construction train which caused the injury, as the case turns upon the question of the responsibility of the defendant for the running and management of said train at the time of the injury.

The case of *Hughes v. Railway Co.*, 39 O. S., 461, cited from XV. A. & E. R. R. Cases, 100, was brought by Hughes against the railway company, " for that in con-

structing its railroad through her lands, the defendant had wrongfully piled large quantities of waste dirt upon her arable lands not embraced within the right of way, to her damage," etc. An issue of fact having been joined, a jury was impaneled and the plaintiff offered testimony. After the plaintiff closed her testimony, the court, on motion of defendant, directed the jury to return a verdict for defendant, which was done accordingly. The judgment on this verdict was affirmed in the supreme court.

It appears from the report of the case that the work of building this road was done by contractors under a contract with the railroad company containing provisions substantially the same as those herein quoted from the contract between the defendant company and the contractor Fitzgerald. In the opinion the court say: "The work of constructing a railroad is not corporate work unless it be done by a corporation through its agents and servants, and a person may contract with a railroad company to construct its road without becoming its agent or servant.

"This proposition, therefore, resolves itself into a single question: May a railroad corporation, having power to contract as fully as a natural person in relation to its corporate business, enter into a contract with another person for the construction of its road, without retaining control over the mode and manner of doing the work? We can see no reason to doubt it. Of course any condition imposed upon the right to construct its road must be performed, and the company cannot shift its responsibility for the performance. But this is no new principle, nor one applicable to railroad corporations alone. Where a right is possessed by a natural person and a duty is attached to the exercise of the right, such duty must be performed. Such natural person cannot relieve himself from liability through the intervention of an independent contractor. On the other hand, where the law exempts a natural person, as employe, from liability for the wrongful act of his contractor, it will

also, under like circumstances, exempt a corporation, as employe, from liability for the wrongful act of its contractor." To the same purport are the cases of *Hunt v. Pennsylvania Railroad Co.*, 51 Penn. St., 475, and *McCafferty v. The Spuyten Duyvil R. R. Co.*, 61 N. Y., 178, cases cited by counsel for defendant.

In the case at bar Fitzgerald was clearly an independent contractor. He had the use of the engine and cars of the defendant as a part of the consideration for the work performed by him, and if the engineer and fireman of the train which did the damage were borne upon the pay rolls of the defendant while working on the contract, as claimed by counsel for plaintiff, which does not fully appear from the evidence, doubtless their compensation was fully accounted for by the contractor to the company. I conclude, therefore, that the train, consisting of an engine, tender, and one or two flat cars, which struck and killed plaintiff's decedent, was not being run by nor under the control or management of the defendant company, and that the defendant is not bound to respond to any damage, if any, suffered through or by reason of the negligence of the engineer, conductor, or other persons in charge of the said train.

The plaintiff contends that the court erred in admitting the contract between defendant and Fitzgerald to be read in evidence, first, because said contract was not proven, and secondly, because it was immaterial, irrelevant, and incompetent. As to the first ground of objection it will be seen by reference to the bill of exceptions that the execution of the contract by Fitzgerald on his part was fully proven by the testimony of the witness Deweese, and the defendant having acted under the contract and claimed the benefit of its provisions would be estopped to deny any of its obligations, and even as against a stranger, I think, it may introduce the contract as the best evidence of the terms and relations which at the time of the occurrence

upon which the action was based existed between defendant and the contractor. As to the second ground, we have seen that the contract or contractual relation between the defendant and the contractor was not only material and relevant, but that, even admitting for the sake of the argument that plaintiff's decedent was killed through the negligent management of the train in question, in our opinion the question of the liability of the defendant therefor would turn upon the fact of said work being done by the defendant through its servants and employes, or by an independent contractor. The contract upon which the road was built and paid for then was neither immaterial nor irrelevant.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.