THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. TERRANCE CLARK, DEFENDANT IN ERROR.

SAME V. CHARLES HENKLE.

SAME V. WILLIAM M. DUNKLE.

SAME V. CHARLES THOMAS.

SAME V. THOMAS F. JORDAN.

SAME V. HEINRICH STANLEY.

[FILED MAY 31, 1889.]

1. Injuries to Person: PLEADING: PETITION. Where a petition charged several defendants jointly with operating a railroad construction train in a negligent and careless manner, by negligently running it at a high rate of speed through and by a herd of cattle, which were near the track over which the train was passing, whereby a part of the cattle which came on to the track were run over, and the train derailed and thrown from the track, and by which the plaintiff, who was riding thereon, was injured, it was *held*, that the district court did not err in overruling a motion to require a more specific statement in the petition by showing which one of the defendants was operating the road, if either one; or if all, whether jointly or severally; which one employed the train men, and which was charged with the alleged negligence.

2. Railroads: SPEED OF TRAINS: EVIDENCE. It is not necessary to the admissibility of the testimony of a witness as to the rate of speed a train of cars was running at the time of an accident, that such witness should be an expert in the matter of the

speed of trains. Any person of sound mind and judgment, who has observed trains running or other objects in motion, and who has an opinion thereon based upon seeing the train at the time in question, is a competent witness upon the subject, the jury being the judges of the weight of his testimony.

3. ——: NEGLIGENCE. In such action it was held not to be error for the trial court to permit the introduction of evidence tending to show the unsafe condition of the track at the place where the accident occurred, as tending to prove negligence on the part of those in charge of the train.

4. ——: ——. An instruction in a case of the kind referred to that it was negligence on the part of those in charge of the train to run it at full speed over any part of the track known by them to be frequented by cattle, unless that part of the track was guarded, *held*, error.

5. ——: CONSTRUCTION COMPANY: INJURIES TO EMPLOYES. Where a contractor undertook to lay the track upon a newly-constructed railroad for the railroad company owning or leasing the same, the company to furnish the construction train and the men necessary to operate it, they to be employed and paid by the company, to whom alone they were responsible while running the train, the contractor having no authority to control them in that behalf, it was *held*, that if by the carelessness of those in charge of the train while passing over the track, an employe of the contractor lawfully on the train, and without fault or negligence on his part, was injured, the railroad company owning and controlling the movement of the train would be liable for the damages sustained.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Marquett, Deweese & Hall,* for plaintiff in error, cited: Maxwell's Pleading and Practice, 167; 2 Shearman & Redfield on Negligence, 478; *Grand Rapids & Ind. R. R. Co. v. Huntley,* 38 Mich. 537; *Union Pacific Ry. Co. v. Young,* 8 Kas. 658; *Sexton v. Cook County,* 114 Ill. 147; *Vigeant v. Scully,* 20 Ill. App. 437; Lawson, Expert and Opinion Evidence, 86; *Fairbank v. Hughson,* 58 Cal. 314; Beach on Contributory Negligence, 7; *Railroad Co. v. Jones,* 95 U. S. 439.

*Pound & Burr*, *G. M. Lambertson*, and *Sawyer & Snell*, for defendants in error, cited: *Frick v. St. Louis, K. C. & N. Ry. Co.*, 75 Mo. 595; *Bohan v. The Milwaukee, Lake Shore & Western R. R. Co.*, 58 Wis. 30; *Worthen v. Grand Trunk Ry. Co.*, 125 Mass. 99; Patterson, Railway Accident Law, 424; *Van Horn v. B. C. R. & N. Ry. Co.*, 59 Iowa, 33; *Hoppe, Adm'r, v. Chicago, Milwaukee & St. Paul Ry. Co.*, 61 Wis. 357; *Bowen v. N. Y. Cent. R. R. Co.*, 18 N. Y. 408; *C. & A. R. R. Co. v. Kellam*, 92 Ill. 245; *Brown v. N. Y. Cent. R. R. Co.*, 34 N. Y. 404.

REESE, CH. J.

These several causes were instituted in the district court of Lancaster county against plaintiff in error. The issues were formed separately, but when they were called for trial they were consolidated and tried as one case, the jury returning separate verdicts in each case, which were all in favor of defendants in error, and assessing to each the damages found due them. A motion for a new trial was filed, and upon the same being overruled, judgment was rendered. The causes as consolidated are now brought to this court by proceedings in error. The issues formed in the district court were substantially the same in all the cases, and may be briefly stated as follows:

The actions were all against the Nebraska & Colorado R. R. Co. and John Fitzgerald, and the Chicago, Burlington & Quincy Railroad Co., as defendants. It was alleged in the petition that the Nebraska & Colorado Railroad Co. was a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska, and that the defendant, John Fitzgerald, was the railroad contractor, and a resident and citizen of the state of Nebraska; and that the Chicago, Burlington & Quincy Railroad Co. was a corporation duly organized and existing under the laws of the state of Illinois; that said defendants, were, on the

19th day of October, 1886, in the course of the construction and completion of a railroad, and about two miles from the station of Deweese, in this state; that the plaintiff was employed by the defendant Fitzgerald at an agreed price of $1.75 per day in laying track from the terminus mentioned, into the station of Laurence; that the said defendants were possessed of the locomotive, tender, and train of cars thereto attached of about sixteen in number; and at the time of the injuries complained of, the railroad company referred to had in their employ, and in charge and control of its train of cars, a conductor, engineer, fireman, and two brakemen, who were running the train from about one mile from the said station of Laurence, to the said station of Deweese, at a high and dangerous rate of speed, and at not less than thirty miles per hour. Some of the cars were flat, some of them box cars, and one water car, one engine and tender, and the train was carelessly and negligently made up for that trip by said agents, servants, and employés, of the said railroad company by running the engine backwards and by placing the said engine in the middle of the train, with about ten cars in front of said engine, and about six cars in the rear thereof, and with a box car in front, towards the said station of Deweese, with no cow-catcher on in front of the train; and while carelessly and negligently running the train at the great rate of speed mentioned, by the wrongful act, neglect, and fault, of defendants while they were engaged in managing and conducting the business of the said defendant, and without fault on the part of the plaintiff, the train ran into a herd of cattle near a high bridge, and the cars and all thereon in front of the engine were thrown down upon the ground below, a distance of about twenty feet, by reason of which the plaintiff was greatly injured, etc.

The defendants in the action filed their motion for a more specific statement of the cause of action, in the following particulars:

"1. To show which one of the defendants was in possession of the railroad mentioned in the petition at the time complained of; or, if all were in possession of it, whether they held it jointly or severally.

"2. Which one of the defendants was possessed of the locomotive, tender, and train of cars; and if all were possessed of them, whether jointly or severally.

"3. State which one of the railroad companies had in its employ the conductor, fireman, engineer, and brakemen referred to in the petition.

"4. To require the plaintiff when he states that the said railroad company was negligent through its agents and servants, to state which one of the railroad companies was referred to.

"5. To require plaintiff when he states that the employés of said railroad company, or one of them, had charge and control of the said engine and train of cars, to state which railroad company was meant."

This motion was overruled.

The cause being presented on error by the Chicago, Burlington & Quincy railroad company alone against the several plaintiffs in the court below, the first assignment of error is the ruling of the district court upon the motion referred to. By the petition the defendants in the action were jointly charged with the commission of the grievances referred to therein, and so far as appears upon the face of said petition, each was equally and jointly liable. It was evidently the purpose of the pleader to so charge. Knowing that the facts referred to in the motion were within the special knowledge and information of the defendants, the issues could be formed by answer, and under the provisions of section 429 of the Civil Code, judgment might be rendered against either defendant found liable, if any liability existed. After the motion for a more specific statement of the petition was overruled, the Nebraska & Colorado Railroad Company filed its separate answer, denying that

it was the owner of the locomotive and train of cars referred to, or had any control or management over it. It also denied that the train men were in its employ or under its control, and alleged that no cause of action was stated against it. The Chicago, Burlington & Quincy Railroad Company answered, alleging that it had leased the lines of the Nebraska & Colorado Railroad Company, and completed the construction of the same through a contractor, John Fitzgerald, the other defendant; that the line referred to in the petition was in process of construction, and the train of cars, and employés operating the same, were at the time of the accident complained of under the control and management of and subject to the orders of the said contractor, Fitzgerald, and alleging that whatever injuries the plaintiff received on account of the accident referred to, were received and incurred by them on account of their own negligence and carelessness, and not by reason of any fault of the said answering defendant; and alleging further that the petition set up no cause of action as against it. Fitzgerald filed his separate answer, admitting that he was the railroad contractor, and that the several plaintiffs were in his employ at the time of their injuries. He also admitted the making up of the train, the collision, etc., and alleged that whatever injuries the plaintiffs sustained were on account of their own carelessness and gross negligence, and not through any fault of his. To these several answers, replies were filed, and the cause proceeded to trial.

Upon the trial, defendant in error called a number of witnesses for the purpose of proving approximately the rate of speed at which the train was running at the time of the injury. Some of the witnesses so called were riding upon the train; others were not. None of them were experts in running trains. It is insisted that they were incompetent to testify, and that their evidence should not have been received. To this we cannot agree. The rate of speed at which a train is running is largely a matter of judgment

from observation.   While a person with an educated judgment upon that matter would be perhaps a more satisfactory witness than one uneducated, yet we know of no rule which would prohibit the uneducated person from testifying as to his judgment in the matter.   (*D. & M. Railroad Company v. Van Steinberg*, 17 Mich. 99; *C. B. & Q. R. R. v. Johnson*, 103 Ill. 512; *Penn. Coal Co. v. Conlan et al.*, 101 Id. 93; *Worthen v. Grand Trunk Ry. Co.*, 125 Mass. 99.) The question is more as to the *quality* of the testimony than as to its competency; and this matter was properly left to the jury for their consideration.

It was shown upon the trial that plaintiff in error entered into a contract with Fitzgerald by which he undertook to lay the track over that portion of the Nebraska & Colorado railroad from Edgar to Blue Hill, a distance of twenty-nine miles.   The contract was in writing.   By it, the work was to be done under the direction of the engineer of plaintiff in error, who was in charge, and whose orders the contractor was bound to obey implicitly.   It was also provided that plaintiff in error should furnish all necessary engines and cars, and that the men should operate them. Aside from the contract, it was shown that so far as the rate of speed was concerned, and the manner of running the construction train, the conductor and his crew, who were the employés of plaintiff in error, acted independently of the contractor, his agents and servants, the conductor and crew being in the respect named responsible only to it. On the date named in the petition, the track-laying had reached within about a half-mile of Laurence when the noon signal was given and the work-hands boarded the train for the purpose of returning to Deweese, which was the first station to the east, for dinner.   On the way back, as the train approached a bridge of considerable height, it was observed that a herd of cattle were near the track on either side, a part of which sought to cross in front of the train, when they were struck, a portion of the train de-

railed, and a number of cars which were being "backed" by the engine, and in and on which defendants in error were riding, were thrown from the bridge into the ravine below, the bridge being in part destroyed and the injuries complained of received. Some evidence was introduced which tended to show the bad condition of the track over which the train passed just prior to the accident. This was objected to and the objection was overruled, to which plaintiff in error excepted, and now assigns the ruling for error. In this we think the court did not err. It was alleged in the petition and sought to be proved upon the trial, that the train was running at an unusually rapid and dangerous rate of speed, so that it was impossible to stop the train in time to avoid the collision. The evidence was competent for the purpose of showing negligence on the part of plaintiffs' employés at the time of the accident, a part of which was the alleged dangerous rate of speed at which the train was running. As touching the question of negligence, the evidence was proper.

Upon the trial, the court, at the request of defendant in error, gave the following instruction :

"The jury are instructed that it is negligence for the employés of a railroad company, or of others having the control, management, and running, of a railroad train, having persons lawfully on board thereof to carry, to run such train at full speed over any part of its track known by such employés to be frequented by cattle, unless that part of the track is properly guarded."

In permitting this instruction to go to the jury, we think the district court erred. There is no doubt but that it would have been competent to instruct the jury that while running over that part of the track a greater degree of care should be taken than while passing over the other portions of the road, perhaps; but we know of no rule which would require the track to be guarded. Any other kind of care which would have secured safety, would have been suf-

ficient. Furthermore, the question of negligence was for the jury to decide under all the facts and circumstances proven.

The only other question which it is deemed necessary to notice, is as to the liability of plaintiff in error, assuming that all other necessary and essential ingredients of the case are proven. It is insisted that under the evidence Fitzgerald was an independent contractor, and under the rule laid down in *Hitte v. The Republican Valley Railroad Company*, 19 Neb. 620, plaintiff in error could not be liable. In that case, Judge COBB, in writing the opinion, says: "It appears   *   *   *   that the said road was unfinished and being constructed at the time of the said injury; that the engine and cars by which said injury was inflicted were in the care and custody and were being run, operated, and managed, by the servants and hired men of the said John Fitzgerald, and not of the defendant," the railroad company. Again, on page 624, it is said: "In the case at bar Fitzgerald was clearly an independent contractor; he had the use of the engine and cars of the defendant as a part of the consideration for the work performed by him, and if the engineer and fireman of the train which did the damage were borne upon the pay rolls of the defendant while working on the contract, as claimed by counsel for plaintiff, which does not fully appear from the evidence, doubtless their compensation was fully accounted for by the contractor to the company. I conclude, therefore, that the train, consisting of an engine, tender, and one or two flat cars, which struck and killed plaintiff's decedent, was not being run by nor under the control or management of the defendant company, and that the defendant is not bound to respond to any damage, if any, suffered through or by reason of the negligence of the engineer, conductor, or other persons, in charge of the said train."

In the case at bar we have an entirely different condition, so far as the management or running of the train was con-

cerned.    The contractor had no kind of authority over the train crew.    They were responsible alone to the plaintiff in error.    Had the contractor directed the conductor to "slow up" the train before running into the herd of cattle, the conductor was not bound to obey the order.    Had he directed the train to run at a less rate of speed upon its return trip to Deweese, the conductor was under no kind of obligation to obey him.    He had no more authority over the conductor than had any other person upon the ground, and therefore could not be held liable for the negligence of the train men; while upon the other hand plaintiff in error would be held liable for all injuries which might result by their negligence or want of care. (Thompson on Negligence, 892, *et seq.; Sproul v. Hemmingway*, 14 Pick. 1; *Fletcher v. Braddick*, 2 Bos. & Pul. N. R. 182; *Wood v. Cobb*, 13 Allen, (Mass.,) 58.

Any other rule would place the contractor at the mercy of the servants of the company or person employing them, in a matter in which such contractor would have no power or authority to control their actions.

The question of the alleged negligence of plaintiff in error, and of the alleged contributory negligence on the part of defendants in error, is discussed to a considerable extent by the briefs of counsel; but as a new trial must be had, and as these questions are for the consideration of a jury alone, under proper instruction, we do not deem it expedient to examine them at this time.    For the error in giving the instruction referred to, the judgment of the district court is reversed, and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.