# Rome & Decatur Railroad Co. v. Chasteen.

## Action for Damages for Personal Injuries.

1. *Liability of railroad company, as employer, for injuries to employee on construction train.*—A railroad company, undertaking the construction of its road by the employment of its own agencies and instrumentalities, is liable for personal injuries to an employee on a construction train, caused by the negligence of the engineer in charge of the train, just as any other principal or master would be; but, if the work of construction has been intrusted to an independent contractor, who employs and discharges his own assistants and workmen, being responsible to the company only for the performance of his contract, he alone is liable for such personal injuries.

2. *Same.*—If the train on which the injury happened was being used by the contractor, under a lease or other special arrangement with the railroad company, in the transportation of freight and passengers, the

[Rome & Decatur Railroad Co. v. Chasteen.]

fact that he was an independent contractor for the construction of the road would not relieve the railroad company from liability; nor would the company be relieved from liability because the contractor was not authorized to use it for that purpose.

3. *Contributory negligence.*—Negligence can not be imputed to a brakeman, who is injured while attempting to couple cars in obedience to the orders of the conductor; but, if he is acting in violation of the orders of the conductor, and, without necessity, places himself in a position of peril, from which he can not escape by the exercise of ordinary care, he is guilty of contributory negligence, which bars a recovery for damages.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by R. Chasteen against the appellant, a corporation organized under the general statutes, to recover damages for personal injuries sustained by plaintiff while attempting to couple two cars of a train on defendant's road, which resulted in the loss of two fingers on his left hand. The injury occurred in June, 1887, and the action was commenced on the 29th August, 1887. Issue was joined on the pleas of not guilty and contributory negligence, and the trial resulted in a verdict for plaintiff for $250. On the trial, the defendant reserved exceptions to several charges given by the court, and to the refusal of several charges asked; and these rulings are here assigned as error.

DENSON & TANNER, for appellant, cited *Cunningham v. Railroad Co.*, 51 Texas, 503; *Railway Co. v. Fitzsimmons*, 18 Kansas, 34; *Pacific R. R. Co. v. House*, 1 Wy. 27; *Meyer v. Railroad Co.*, 2 Neb. 319; *Hughes v. Railway Co.*, 39 Ohio, 461; *Davis v. Western Railway*, 66 Ala. 578; Patterson's Railway Ac. Law, 119–25; *Lane v. Crombie*, 12 Pick. 177; *Ala. Gr. So. R. v. Hawks*, 72 Ala. 112; *Hickey v. Railroad Co.*, 14 Allen, 429; *Hathaway v. Railroad Co.*, 47 Amer. Rep. 575; *Geo. Pac. Railway Co. v. Propst*, 85 Ala, 203; 12 Amer. Rep. 366; 8 Cal. 469.

DORTCH & MARTIN, *contra*, cited *Speed v. Railroad Co.*, 71 Mo. 303; *Railroad Co. v. Hanning*, 15 Wall. 649: *Cincinnati v. Stone*, 5 Ohio St. 38; 75 Amer. Dec. 518, note; *Thomas v. Railroad Co.*, 101 U. S. 71; *Penn. R. Co. v. St. L. & A. R. R. Co.*, 118 U. S. 290; 4 S. W. Rep. 156, 216; 13 N. E. Rep. 65.

CLOPTON, J.—Plaintiff's right to recover for the personal injuries complained of is based on the alleged negli-

[Rome & Decatur Railroad Co. v. Chasteen.]

gence of the engineer, while he was attempting to couple cars in obedience to the order of the conductor of the train. At the time of the injury, the train was engaged in transporting iron and cross-ties to be used in the construction of the road of the defendant—the Rome & Decatur Railroad Company. The main defense is,·that the conductor, engineer, and plaintiff, were not the employees and servants of the company, but were employed and paid by one Callahan, who was engaged in constructing the road, and that the defendant is not responsible for his, or his servants,' wrongful acts or omissions.

The decisions of this court are in line with those authorities which hold, that a person who contracts for the erection of a structure, though for his own use, is not liable for injuries caused by the negligence of the contractor, or of his servants, when he is exercising an independent employment—when he is an independent contractor, in contradistinction to an agent or servant.—*Mayor of Birmingham v. McCrary*, 84 Ala. 469; *Meyer v. Hobbs*, 57 Ala. 175; s. c., 29 Amer. Rep. 719. A railroad corporation, being clothed· with full authority to construct its road, in a manner suitable to its purposes and uses, may have the work performed by the employment of its own agencies and instrumentalities, or by independent contract. In respect to liability for the negligence of the contractors and their servants, the law makes no distinction between natural persons and corporations. A railroad company, which contracts with a third person for the construction of its road, in such manner that the contractor has the right to direct the details of construction, and to control the mode in which the work shall be done, and the agencies employed, the company only reserving the right to insist that the result shall be in compliance with the terms of the contract, is not liable for injury caused by the negligence of the contractor, or of his employees. Liability for injuries suffered during the process of construction depends, as in the case of natural persons, on the existing relation—whether of master and servant, or contractor and contractee.—*Cunningham v. Railroad Co.*, 51 Texas, 503; *Kan. Cen. Railway Co. v. Fitzsimmons*, 18 Kan. 34; *Hughes v. Railway Co.*, 39 Ohio St. 461. The test most comprehensive and generally applicable, which includes the several special tests suggested, is stated in 1 Shear. & Red. on Neg. § 164, as follows: "The true test, as it seems to us, by which to determine whether one who renders service to

38

[Rome & Decatur Railroad Co. v. Chasteen.]

another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

The evidence establishes without dispute, that Callahan was engaged in building the road, and was in possession of, and using the engine and cars, for the transportation of iron and cross-ties, and of freight and passengers, to and from Gadsden and Attala, receiving the toll therefor, and employed and paid the workmen. Whether or not these facts are *prima facie* sufficient to show that Callahan was an independent contractor, the members of the court are· divided in opinion. Some of them deem them sufficient, and hold that the affirmative charge requested by defendant should have been given. Speaking for myself: As no contract was produced or proved, which was in the power of the defendant, evidence that the engine and cars belonged to the company, and that the road was being constructed for its benefit, if ·believed, *prima facie* shows that those employed in the work of construction were the agents and servants of the company, and devolves on it the burden to prove that the road, engine and cars were in the possession, and under the control of Callahan as a contractor, and that those employed were exclusively his agents and servants. As an inference may be reasonably drawn, that the company retained the right to direct what should be done, and how—the general mode of performance—though Callahan may have employed and paid the workmen, the sufficiency of the undisputed facts mentioned to overcome the presumption arising from ownership, was a question for the jury on consideration of all the circumstances proved. All of us concur, if they should find that the persons employed by Callahan were his agents and servants, whom defendant had no right to dismiss, or otherwise control, the company would not be responsible for an injury caused by the negligence of the engineer.—1 Shear. & Red. on Neg. § 158; *R. R. Co. v. Hanning,* 15 Wall. 659; *Speed v. Atl. & Pac. R. R. Co.,* 71 Mo. 303. But, as the case must be reversed on other points, and as additional proof may be adduced on another trial, we shall leave this question undecided.

As a material issue was, whether the persons employed were the servants and agents of Callahan, or of the company, the first charge requested by the plaintiff is obnoxious to

[Rome & Decatur Railroad Co. v. Chasteen.]

the criticism, that it is calculated to draw the minds of the jury from such issue, and to create the impression that negligence *vel non* was the pivotal issue in the case.

The third charge given at the instance of plaintiff bases the responsibility of defendant upon the isolated· fact, that Callahan was transporting freight and passengers to and from Gadsden and Attala for reward. The charge is defective in two respects: (1.) It does not claim that the company had made any unauthorized surrender of the road, engine and cars, or that Callahan was operating them under any contract, which the corporation had no authority to make. Under the charge, the jury were authorized to hold the company liable, though Callahan may have been operating the road without defendant's permission, and against its objection; or, though he may have been an independent contractor, having possession and control, and operating the finished portion in aid of the further construction of the road under a contract with the company.—*Kan. Cen. Railway Co. v. Fitzsimmons, supra.* (2.) Plaintiff was injured while the engine and cars were employed in transporting iron and cross-ties for the purpose of construction. Callahan may have transported freight and passengers under an arrangement with defendant which did not avail to exempt ·from liability for his or his servants' negligence while rendering that particular service, and at the same time, in respect to the work of construction, have exercised an independent occupation, which avoided responsibility on the part of the company, while rendering that particular service. As plaintiff was not injured while freight or passengers were being transported, such use of the road, engine and cars does not constitute a sufficient ground, on which to make defendant liable for his injury, if Callahan was an independent contractor for the construction of the road.

The second, fifth and sixth charges requested by the defendant, assert the proposition, that the company is not liable, if Callahan was operating the engine and cars by his agents and servants, though he was not employed to construct the road, or engaged in its construction. The proposition of the charges is, that a railroad corporation is not responsible for the *torts* of any person actually operating its line, whatever may be the circumstances under which he is so operating it. Actual operation by the corporation at the time of an injury is not essential to liability. A railroad corporation does not avoid responsibility for an injury caused by the negligence

[Davis v. Smith.]

of the agents or servants of another corporation, or of a natural person, to whom it may lease or voluntarily surrender its property and franchises without competent authority. *Ricketts v. Bir. St. Railway Co.*, 85 Ala. 601. The charges should have predicated exemption from liability, as part of the hypothesis, on the jury finding that Callahan was an independent contractor.

As to contributory negligence, we may remark, that if plaintiff was an employee of defendant, subject to the control of the conductor, an attempt to couple the cars in obedience to his order would not constitute negligence on his part. But, if he attempted to do so in violation of the order of the conductor, and without occasion or necessity placed himself in a condition of peril, which he could not escape by the exercise of ordinary care, this would be contributory negligence. The second charge given at the instance of the plaintiff in relation to this question is abstract, being based on the hypothesis, that plaintiff was in the employ of Callahan, and not of defendant. The eighth charge requested by defendant is argumentative, and for this reason, if no other, was properly refused.

Reversed and remanded.