## Scarborough *v.* Ala. Midland Railway Company.

| | |
|---|---|
| 94 | 497 |
| 97 | 186 |
| 97 | 320 |

| | |
|---|---|
| 94 | 497 |
| 100 | 513 |

| | |
|---|---|
| 94 | 497 |
| 136 | 510 |

*Action by Passenger against Railroad Company, for Damages on Account of Personal Injuries.*

1. *Liability of railroad company, as master or employer, for injuries to passenger on construction train.*—An action does not lie against a railroad company, at the suit of a person travelling on a construction train, for damages on account of personal injuries caused by a collision with another train, when it appears that the plaintiff was travelling on a pass furnished by the contractor for the construction of part of the road, for whom he had been working, and that the injuries occurred on a part of the road which had never been completed and accepted, though trains were running on it furnished by the railroad company for use by the construction company and contractors, with engineers subject entirely to their orders.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Simon Scarborough against the Alabama Midland Railway Company, to recover damages for personal injuries sustained by plaintiff, while travelling, as alleged in each count of the complaint, as a passenger on a train on the defendant's road, between Ramer, a station in Montgomery county, and Troy, in Pike county. On all the evidence adduced, the court charged the jury, on request, to find for the defendant, if they believed the evidence; and this charge, to which the plaintiff excepted, is here assigned as error. The opinion states the material facts.

SAYRE & PEARSON, for appellants, cited Roberts & Wallace on Duty and Liability of Employers, 72; Wood's Master and Servant, § 317; *Railroad Co. v. Norwood,* 62 Miss. 565; *Burton v. Railroad Co.,* 61 Texas, 526; *Coggin v. Railroad Co.,* 62 Geo. 685; 21 Amer. & Eng. R. R. Cases, 218; 50 Mich. 516; 6 M. & W. 499; 5 B. & C. 547; *Railroad Co. v. Chasteen,* 88 Ala. 591; *Railway Co. v. Dorsey,* 66 Texas, 148; *White v. Sawyer,* 16 Gray, 590; *Kain v. Smith,* 80 N. Y. 458; *Lothrop v. Adams,* 43 Amer. Rep. 531; *Champion v. Bostwick,* 31 Amer. Dec. 381; *Smith v. Gayle,* 58 Ala. 606;

[Scarborough v. Ala. Midland Railway Company.] ·

Mor. Corp., § 697; 1 Bates on Partnership, § 67, notes 3, 4; *Chester v. Dickerson*, 13 Amer. Rep. 550; *Nat. Bank v. Graham*, 100 U. S. 699; *Lock v. Stearns*, 35 Amer. Dec. 382.

A. A. WILEY, contra, cited *Railroad & Banking Co. v. Grant & O'Hara*, 46 Geo. 421; *Harrison v. Kiser*, 79 Geo. 595; *Mayor of Birmingham v. McCary*, 84 Ala. 469; *Meyer v. Hobbs*, 57 Ala. 175; *Railroad Co. v. Chasteen*, 88 Ala. 593; *Knight v. Fox*, 5 Exch. 721; *Kelly v. Mayor of N. Y.*, 11 N. Y. 432; *Carmen v. Railroad Co.*, 4 Ohio, 399; *Boswell v. Laird*, 8 Cal. 469; 2 Neb. 319; 2 Selden, N. Y. 425; *Brown v. Maxwell*, 4 Hill, 592; 28 Barb. 196; 38 Cal. 691; 30 Md. 179; 39 Ohio St. 461; 18 Kans. 34; 1 Shear. & Redf. Negligence, § 164.

WALKER, J.—The plaintiff had been employed by J. M. Brown & Co., as a laborer in the construction of the Alabama Midland railway, up to the time when he received from them a pass from Ramer, where he had been in camp, to Bainbridge, Georgia. He got on the train on which the pass was to be used, and received personal injuries in a collision between that and another train. The portion of the railway on which the collision occurred was, at that time, still in process of construction, and was in the possession, exclusive control and management of Brown & Co., who, as independent contractors, were engaged in building the railway from Sprague Junction, Alabama, to Bainbridge, Georgia. The contract of Brown & Co. was with the defendant and the Alabama Terminal & Improvement Company. Prior to the date of the plaintiff's injury, the portion of the railroad from Bainbridge, Georgia, to Ozark, Alabama, had been completed, and turned over by Brown & Co. to the Alabama Terminal & Improvement Company, and that company, as a construction company, was then operating this completed portion of the line. The collision occurred between Ozark and Sprague Junction. The contractors had laid the track over this last named portion of the line, and they were running construction trains over it; but this part of the railway was still uncompleted, and had not been turned over to the construction company, or to the defendant railway company. A clause of the contract with Brown & Co. was in these words: "The railway company to furnish engines and cars, with train supplies, with engineer and fireman, and such other force as may be required to handle said train, free of charge, for the transportation of men and material in the construction of the road, such trains to be subject to the order of the contractor during construction." The bill of exceptions

[Scarborough v. Ala. Midland Railway Company.]

states that the two construction trains which collided were furnished to Brown & Co. under and in accordance with, and in the manner prescribed by the contract. It appears, however, without contradiction, that the engineers of the two construction trains which collided were employed and paid, not by the defendant, but by the Alabama Terminal & Improvement Company, and that that company alone had the power to discharge them. The evidence tended to show that the collision was attributable to the negligence of the engineer in charge of the train upon which the plaintiff was riding.

That the defendant was authorized to commit the work of building its road to independent contractors is not questioned; and that J. M. Brown & Co. occupied the position of independent contractors, in reference to the work in which they were engaged, is clear beyond dispute. For their negligence, or for the negligence of their employés, in doing the work contracted for, the defendant is not liable.—*Rome & Decatur R. R. Co. v. Chasteen*, 88 Ala. 591. The plaintiff accepted the pass from them, and was looking to them for his carriage. There is nothing to indicate that he understood that the defendant had anything to do with his transportation. The claim that the injury complained of is attributable to the negligence of the employés of the defendant is not supported by any tendency of the evidence. The statement in the bill of exceptions, to the effect that the train on which the plaintiff was riding was furnished to Brown & Co. in accordance with the terms of the contract with them, can not be construed to involve the assertion that the engineer in charge of that train was employed by the defendant, or was subject to its orders; for the proof shows clearly and distinctly that the engineer was not an employé of the defendant at all, and was not subject to its orders. He was the servant or employé of another party. The defendant did not select him, or have the right to discharge him, or to control his work, and he was engaged in doing the work of an independent contractor. The result of applying the tests for determining whether one person is to be regarded as the servant of another is, that that relation is not shown to have existed between the defendant and the negligent engineer. The fact that the engine and train belonged to the defendant is not, by itself, sufficient to charge the defendant for their negligent operation in the work of constructing the road.

There is a class of cases in which the negligence of the driver or manager of a vehicle is held to be chargeable, not to the hirer thereof, who, at the time, was getting the benefit of its use, and, in a limited sense, directing its movements, but

to the owner or proprietor who had intrusted the general management and control of the vehicle to his own servant. In such cases, the owner or proprietor is held responsible because the driver or manager was really his agent, and was acting in his service; and the hirer of the vehicle can not be regarded as the master of the driver or manager, or as controlling the conduct of the latter in the matter wherein he was negligent.—*Elyton Land Co. v. Mingea*, 89 Ala. 521; *Little v. Hackett*, 116 U. S. 366; *New Orleans R. R. & M. R. Co. v. Norwood*, 62 Miss. 565. When, however, the person in charge of a vehicle is not in fact the employè of the owner thereof, and is not subject to his orders or control, and the vehicle is really operated by the hirer or bailee thereof, in the lawful exercise of a complete and exclusive dominion over it, then one who is injured in consequence of the negligent management of the vehicle can not hold the owner responsible therefor, because the negligence is not that of the owner or of his agent or servant.

The train on which the plaintiff was riding was subject to the orders of the contractors while it was used as a construction train. They controlled its operation. It was doing service for them alone. It was operated as an agency to execute their will and to do their work. It was engaged in an employment over which J. M. Brown & Co., as independent contractors, had the general control, with the right to direct what should be done, and the manner of doing it. As a general rule, the owner of property may surrender to another the control thereof, and of the employè who is intrusted with the management of it. There are special cases in which the law does not permit such a surrender of control, or holds the owner responsible for the management of the property though it is actually controlled by another; as, where the law charges the owner with the duty of performing the service in which the property is used, or where the work in which the property is to be used, under a contract with the owner, is necessarily or intrinsically dangerous.—*Mayor & Aldermen v. McCary*, 84 Ala. 469. Unless the owner is held to responsibility upon some such consideration, the rule which is sustained by the weight of the authorities is, that though the property of one person which is used in a special service for another is at the time managed or operated by an employè of the owner or proprietor, yet, if such employè, in regard to the particular matter in which he is engaged, is under the control, not of his general master, but of the person for whom the special service is rendered, who, in reference to the details of that work, has the management thereof as an independent con-

[Farley v. Farley.]

tractor, then such property is to be regarded as used in the service of the independent contractor, and, as to that particular service, the employé is to be regarded as the servant, not of his own general master, but of the independent contractor whose work he is doing. In such case, the contractor has the actual management, in details, of the property while it is used in his business, and the person in direct charge of the property is identified with him as his servant as to that special service.

In applying the rule just stated, several courts have held that a railroad company is not liable for damages resulting from the negligent management of one of its trains used and controlled by construction contractors for construction purposes on a portion of its road built under construction contract and not yet turned over to the railroad company, though the train employés are hired and paid by the railroad company. *Powell v. Construction Co.*, 88 Tenn. 692; *Cunningham v. Railroad Co.*, 51 Tex. 503; *Miller v. Minnesota & N. W. R. Co.*, 76 Iowa, 655; *Hitte v. R, V. R. Co.*, 19 Neb. 620; 14 Am. & Eng. Encyc. of Law, 838. The present case does not call for the application of the rule stated in the authorities just cited, for the person who, on the evidence, was guilty of negligence of which the plaintiff complains, was not in any sense the servant of the defendant; and, in the circumstances disclosed, it is plain that the defendant can not be charged with responsibility merely because the train on which the plaintiff was riding was the property of the defendant. The defendant did not have any such control of the trains as to render it chargeable with their negligent management. There was no error in the charge given by the Circuit Court at the request of the defendant.

Affirmed.