# Alabama Midland Railway Co. v. Martin & Bro.

*Action for Trespass on Land.*

1. *Railway company not liable for trespass of independent contractor.* Where a railroad company yields possession of its premises to a company which contracts to build a railroad thereon, and the latter company lets the contract to a third party the latter is an independent contractor and the first company is not liable for trespasses committed by such company on adjacent lands, and it is immaterial that the work is to be done subject to the approval of the first company's engineer.

2. *Complaint for continuous trespass.*—Where a complaint alleges a trespass to have been continuous, from day to day, during a certain time, a demurrer on the ground that it fails to state the time when the several trespasses were committed is properly overruled.

3. *Evidence under complaint for trespass.*—In trespass *quare clausum fregit* for injuries done by railroad contractors to lands over which the railroad company has a right of way, evidence of injuries caused by constructing defective stock gaps, in consequence of which hogs and cattle went upon the land adjoining the right of way, is inadmissible, since the proper remedy for such negligent acts is case, and not trespass.

4. *Distinction between trespass and case.*—If a tort be intentionally committed with force, the immediate consequence of which is injury, trespass is the appropriate remedy; so, also, trespass lies for an injury which is the direct, primary and inevitable result of gross or reckless carelessness. but if the injury proceeds from mere negligence and is not the immediate consequence of the tort, and though proximate. is secondary and consequential and is not the necessary result of the negligence, an action on the case is the proper remedy.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was an action of trespass brought by the appellee against the appellants, the Ala. Midland Railway Co. and

J. M. Brown & Co., and was commenced on the 16th day of June, 1890. There was judgment for the plaintiff, and defendant appeals.

The complaint contained but a single count, asking for the recovery of damages for trespasses by the defendant on certain described lands by "pulling down fences, burning up rails, tramping down the crops, destroying and damaging the same, and letting in cattle and stock to tread upon, eat, and destroy the crops that were to be raised on said land. Said damages to said lands began on October 15, 1889, and on divers other times between that time and the bringing of this suit.

The defendants demurred to the complaint on the grounds that it failed to aver that the plaintiffs were in possession of said premises at the time of the alleged trespasses; and that the complaint fails to aver the time when said several trespasses were committed. These demurrers were overruled, and issue was joined on the pleas of the defendant. The other necessary facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the defendants requested the general affirmative charge in their behalf, and duly excepted to the court's refusal to give said charge as asked.

BORDERS & CARMICHAEL, for the appellant.

H. L. MARTIN, for the appellees.

HARALSON, J.—1. This is an action by the plaintiffs against the defendants for alleged trespasses to their lands, begun on the 15th of October, 1889, and continued "on divers other days between that and the bringing of this suit," on the 16th of June, 1890.

The Alabama Midland Railway Company, one of the defendants, as the proofs show, contracted with the Alabama Terminal & Improvment Company to build and equip its railroad, and the latter company contracted with J. M. Brown & Co. to build the road, and they, in turn, contracted with Louis McLean to build it.

It was shown, that under these arrangements, the Midland Company yielded possession of the road and its building—or that part of it where the injuries complained of in this action are said to have occurred—to the Terminal Company, and it, to Brown & Co., and they to said McLean; and that at no time in the year 1889, nor thereafter before the 21st of May, 1890, did the Midland Company have pos-

session of said railroad, or were in any manner engaged in the construction of the same, and that said McLean, under contract with said Brown & Co., of date of 14th of December, 1888, undertook the building of the same, under the supervision and direction of said Brown & Co.

There can be no question, that the position of J. M. Brown & Co. towards the Midland Company, was that of an independent contractor. The fact that the work was to be done subject to the approval of the chief engineer of the railway company, did not alter this relation. For Brown & Co.'s negligence, or for that of their sub-contractor, Louis McLean, who did the work for them, under their supervision and direction, the Midland Company is not liable.—*Scarborough v. Ala. Mid. R. R. Co.*, 94 Ala. 499; *Rome & Decatur R. R. Co. v. Chasteen*, 88 Ala. 591.

2. The demurrer to the complaint was properly overruled. It alleges the possession and ownership of the land, which the demurrer questions; and the trespass complained of was continuous, from day to day, as alleged, between the dates mentioned, so that the injury done on any particular day could not be distinguished from that done on any other day; and, what is averred as to the injury to the crops must be regarded, as in aggravation of the damages.—Gould on Pl. Ch. 111, §§ 87, 89; *Bonnelli v. Bowen*, 11 So. Rep. (Miss.) 791.

3. It is the general rule, well settled by the decisions of this court, that if a tort be intentionally committed with force, the immediate consequence of which is injury, trespass is the appropriate remedy; that trespass lies to recover damages for an injury which is the direct and primary and inevitable result of gross or reckless carelessness; but, if the injury proceeds from mere negligence, and is not the immediate consequence of the tort, and though proximate is secondary and consequential, and is not the necessary result of the negligence, an action on the case, and not trespass is the proper remedy.—*Bay Shore R. R., Co. v. Harris*, 67 Ala. 6; *Pruitt v. Ellington*, 59 Ala. 454; *S. R. & D. R. R. Co. v. Webb*, 49 Ala. 249; *Bell v. Troy*, 35 Ala. 184; 3 Brick. 773.

The evidence of the plaintiffs showed, that a right of way had been granted by the owner of the lands,—under whom plaintiffs were holding possession,—to the Alabama Midland Railway Co., over and through the lands described in the complaint, and that said railway was built on said right of way. And the plaintiffs, themselves, "testified, that in constructing the road along the right of way, which had

33

been granted to the railroad company, the parties engaged in building it were obliged to let down the fence, and that they placed boys to guard the entrance to the field, where the fence was let down, and that they would so negligently do so, that they permitted cattle to go through." One of the plaintiffs, on cross-examination, also, testified, "that on the 5th of October, 1889,—and after the right of way had been granted to the defendant corporation, and the contractor had constructed the stock-gaps, and after the acts were committed which occasioned the damage,—one Craig, chief engineer and agent of the Alabama Terminal & Improvement Co. paid plaintiffs the damages which had accrued, to said 5th day of October, 1889, but after that time, said hogs and cattle continued to get into the field and destroy the crops growing thereon, through the defective stock-gaps and over the fence so thrown down by the hands of the parties doing the work of constructing the road."

The defendants moved to exclude the evidence, that the stock-gaps built on said railroad were defective, on the ground that this suit was not in case for defectively constructing stock-gaps, but was an action *quare clausum fregit*, but the court overruled the motion and allowed the evidence.

They also moved to exclude that portion of the plaintiff's evidence, as to the negligence of the boys in guarding the entrance to the field, where the fence was let down, because it was irrelevant.

The plaintiff's own evidence clearly shows, that the injuries complained of arose, "after the acts were committed which occasioned the damages,"—after the stock-gaps had been constructed, and after the fences had been let down and not properly guarded; that these damages had been settled for and paid to plaintiffs, up to the 5th of October, 1889, before which date, the acts of trespass on said lands, if done at all, had been committed. The complaint in this case is for damages accruing to said crops from the 15th day of October, 1889, to the 16th day of June, 1890,—the date of the commencement of this suit. From this evidence it appears, that the acts of forcible trespass alleged to have been committed, occured prior to the 5th of October, 1889; that plaintiffs had been compensated for these; that this suit is for other damages, alleged to have accrued on and after the 15th day of October of that year, and which were not the immediate, direct and primary result of the alleged tort, but the remote, secondary and consequential result thereof. It further appears, also, that defendants, or such of them

[Stanton v. Heard; McDonald v. Heard.]

as constructed said road-bed, had the right of way on and through said land, to construct said road-bed; that they committed no forcible trespass on going thereon for such purposes,—and none other are shown,—and that the damages to plaintiff's crops, if any were committed, arose from a breach of duty, which the parties entering on said lands, owed to plaintiff—to exercise their right of entry in a manner not to injure them. It is a plain case of alleged injury arising from a breach of duty, while in the exercise of a lawful right. Authorities, *supra; Wilkerson v. Mosley*, 18 Ala. 288; *Mobile Life Ins. Co. v. Randall*, 74 Ala. 170.

The evidence introduced against defendant's objection tended to support an action on the case, and not trespass, and ought to have been excluded. And, it may be said of the evidence generally,—this action being in form, for a forcible trespass,—that it does not sustain it, but it does show, that if the plaintiffs have any cause of action it is in case.

4. We have already stated, that it appears, the defendant corporation, the Alabama Midland Railway Co., were not in the possession of the road during the time of its building, nor engaged in any manner in its construction. If plaintiffs have any cause of action for the grievances complained of, it is against said J. M. Brown & Co., and Louis McLean, one or both. It ought to be stated, in this connection, also, that there is an entire absence in the record of any proof tending to show the value of the crops alleged to have been injured and destroyed.

From the view we have felt constrained to take of the case, we are of opinion, the general charge as requested for defendants should have been given, which renders it unnecessary to pass on the other charges refused.

Reversed and Remanded.