[Chattahoochee & Gulf Railroad Company v. Behrman.]

# Chattahoochee & Gulf Railroad Company *v.* Behrman.

### *Action for Damages for Injury to Realty.*

1. *Independent contractor; owner's liability for negligence of.*—An owner or proprietor is not liable for the negligent acts of an independent contractor.

2. *Same; same.*—The owner or proprieter is liable for the act of an independent contractor, where the contract itself calls for the doing of the act causing the injury and damage, and the act is done in pursuance of the contract.

3. *Same; liability of railroad company for injury to real estate due to erection of embankment by independent contractor.*—A railroad company, which had nothing to do with the construction of its road further than to inspect and pay for the work after the same was completed, is not liable for injury to a lot by reason of the erection of an embankment in front of same, in the construction of the railway by an independent contractor, who made the survey and fixed the grade for the railroad, and in the construction of the road had the exclusive management and control of the work; the embankment not being called for by the contract or necessary for its performance.

4. *Torts; joint and several liability.*—All parties participating in a wrongful act, directly or indirectly, whether as principals or agents, or both, are jointly and severally liable for the wrong done where injury results.

APPEAL from the Circuit Court of Henry.

Tried before Hon. JOHN P. HUBBARD.

This was an action by Emma T. Behrman against the Chattahoochee & Gulf Railroad Company for damages to plaintiff's lot caused by the erection of an embankment in the construction of defendant's railroad.

The fourth plea to the complaint was as follows: "For further answer to the complaint this defendant

[Chattahoochee & Gulf Railroad Company v. Behrman.]

says: That it did not build the railroad through the town of Dothan mentioned in the complaint and which crossed Oates Street and which crossed a lot adjoining plaintiff's lot, but that the Central of Georgia Railway Company graded, built and constructed said railroad under a contract with this defendant, and that this defendant did not direct or control the manner of the grading, constructing or erecting of said road, neither did it direct the manner in which said road should be graded or constructed, neither did it have under its control or under its authority any of the persons engaged in the grading or the construction of said road, nor did it have the authority to employ or discharge any of the persons so employed or engaged in the construction of said road, but that the Central of Georgia Railway Company was what is known as an independent contractor in the grading or construction of said road. That the said Central of Georgia Railway Company erected the embankment in Oates Street, in the town of Dothan, in front of plaintiff's house and lot, and that this defendant was in no wise connected therewith, and that it was not necessary in the grading or construction of said road by the Central of Georgia Railway Company, to erect said embankment in said Oates Street in front of the plaintiff's said house and lot."

The other facts are sufficiently shown by the opinion.

There were verdict and judgment for plaintiff. Defendant appeals, and assigns this judgment as error.

ESPY, FARMER & ESPY, for appellant, cited *Rome & Decatur R. R. Co. v. Chasteen*, 88 Ala. 591; *Meyer v. Hobbs*, 57 Ala. 175: *Central of Ga. Ry. Co. v. Grant*, 46 Ga. 417; *Harrison v. Kiser*, 79 Ga. 588; *Alabama Mid. Ry. Co. v. Martin*, 100 Ala. 511; *Moody v. McClellan*, 39 Ala. 445; *Scammon v. City of Chicago*, 25 Ill. 424.

H. A. PEARCE, *contra*, cited *Ala. Mid. Ry. Co. v. Coskry*, 92 Ala. 254; *Ib. v. Williams*, 92 Ala. 277; *City Council v. Townsend*, 80 Ala. 489; *C. & W. Ry. Co. v. Witherow*, 82 Ala. 190.

DOWDELL,   J.—This is an action by the plaintiff, appellee here, against the Chattahoochee & Gulf Railroad Co., to recover damages for an injury to plaintiff's realty. The wrong complained of consisted in the erection of an embankment several feet high, in and along Oates Street, a public street in the city of Dothan, in front of plaintiff's residence and lot, which abutted on said street, whereby egress and ingress to said lot was impaired, and the plaintiff otherwise damaged in her property.   The principal defense set up, and the one that presents the vital question in the case, was fully set forth in defendant's plea No. 4, which, however, was stricken from the file on the plaintiff's motion, though the matters therein pleaded were afterwards let in under the plea of the general issue.   The question raised is one of liability *vel non* for the act of an independent contractor.

The doctrine is well settled by adjudications of this court supported by reason, and by authorities in other jurisdictions, as well as by text-writers, that the owner or proprietor, is not liable for the negligent acts of an independent contractor.—*Ala. Midland R. R. Co. v. Martin*, 100 Ala. 511; *Scarborough v. Ala. Midland R. R. Co.*, 94 Ala. 499; *Rome & Decatur R. R. Co. v. Chasteen*, 88 Ala. 591; *Meyer v. Hobbs*, 57 Ala. 175; *Moody v. McClellan*, 39 Ala. 445; *Harrison v. Kiser*, 79 Ga. 588; *Central of Ga. R'y Co. v. Grant*, 46 Ga. 417; *Scammon v. City of Chicago*, 25 Ill. 424; *Cunningham v. R. R. Co.*, 51 Tex. 503. See also Rapalje & Mack's Digest of Railway Cases, Vol. 5, pp. 1103-5-6.   On this principle counsel for appellant in their argument seem to base their contention of error in the rulings and judgment of the trial court.   If the wrong complained of was the result of the negligent act of the independent contractor, under the above authorities, the case would be one of easy solution. But such is not the case made by the complaint.   There is no averment of injury growing out of any negligent act or conduct. The claim for damages is based upon the injury resulting to plaintiff's property by throwing up

the embankment in the public street in front of plaintiff's residence and lot. The case made is wholly different in principle from those cases where damages followed from negligence. The question before us must be determined by other and different principles. The general rule is that all parties participating in a wrongful act, directly or indirectly, whether as principals or agents, or both, are jointly and severally liable in damages for the wrong done, where injury results. And it is upon this principle that the owner or proprietor is liable for the act of an independent contractor, where the contract itself calls for the doing of the act causing the injury and damage, and the act is done in pursuance of the contract. As in the case of the *Ala. Midland Railway Co. v. Coskry,* 92 Ala. 254, an authority cited by counsel for appellee in support of their contention here, where this court held that the Alabama Midland Railway Company, the owner of the railroad, and The Terminal Co., an independent contractor, that constructed the railroad, were jointly liable in damages for the injury to plaintiff's property, caused by excavations and embankments in the construction of the road. The wrong complained of in that case, as here, was in making cuts and throwing up embankment in the public street of the city in front of plaintiff's lot. In that case, however, the evidence showed that the Terminal Company made the cuts, erected the embankments, and changed the grade of the public street, in accordance with the survey made by the civil engineer of the Alabama Midland Company. Or in other words, the wrong complained of was one that the contract between the Alabama Midland Company and the Terminal Company called for in its performance, and was committed in the carrying out of the contract, by the Terminal Company. The facts in the case at bar are different, and differentiate it from that case in the application of the principle there laid down. Here the undisputed facts are that the Central of Ga. R'y Co., the contracting company, through its own civil engineer made the survey and fixed the grade, and in the construction of the

road had the exclusive management and control of the work, and that the defendant company had nothing further to do with it than to inspect and pay for the work after the same was completed. It is further shown in evidence without dispute, that the erection of the embankment in front of plaintiff's lot was not necessary in the construction of the said railroad. From this it is clear that the wrong complained of was not called for by the contract itself, nor necessary in its performance by the Central of Georgia Railway Co. We have then under the undisputed facts, the case of an independent contractor committing a wrong, not called for by the contract, nor necessary to its performance, and with which the owner had no other or further connection than to inspect and pay for the work, which caused the injury, after the same had been completed. It is our opinion and judgment that no liability attaches to the owner, but rests alone upon the contractor.

The case was tried by the court without the intervention of a jury, and a judgment was rendered for the plaintiff. From this judgment the appeal is taken. There were other questions reserved besides the one discussed, but the view we have taken renders it unnecessary to notice them, and requires a reversal of the judgment of the lower court, and the rendition of a judgment here in favor of the defendant.

Reversed and rendered.