(124 So. 878)

**WILLIAMS v. CENTRAL OF GEORGIA RY. CO.** (7 Div. 853.)

Supreme Court of Alabama. Oct. 17, 1929.

Rehearing Denied Dec. 19, 1929.

Ball & Ball, of Montgomery, and L. H. Ellis, of Columbiana, for appellant.

Nesbit & Sadler, of Birmingham, for appellee.

SAYRE, J. Suit by appellant for personal injuries alleged to have been suffered by reason of the negligence of an employé of defendant. The trial court gave the general charge for defendant, and plaintiff appeals.

Defendant had let a contract to one Kreis to build a roadbed in Shelby county. Plaintiff was an employé of the contractor. On the evening of the accident, plaintiff was riding with other employés of Kreis on a work engine, the property of Kreis. The roadbed in the construction of which plaintiff was employed was, we infer, to replace a part of the main line, and, at any rate, was differently located. Under the contract Kreis, an independent contractor, was to furnish his own locomotive and his own crew to operate it. In the progress of the work it was necessary for Kreis' work train to go out upon the main line from time to time. Defendant's trainmen belonged to a union, and it made the point that under their agreement union men only should be permitted to operate trains. Thereupon it was agreed that defendant's then employés only should operate the contractor's trains, and that defendant would pay to the contractor the excess of the union wage over and above the nonunion wage. It appeared further without dispute that the engineer and conductor of the work train were at all times under the direction of the contractor, and that, at the time of the collision in which plaintiff was hurt, these employés were taking the engine to Calcis to have it washed out. It was further agreed between the rail-way company and the contractor that, whenever it became necessary for the work train to move over the main line, the contractor would get orders for the movement from defendant's dispatcher. The case was allowed to turn upon the single question: Whose employé was the engineer operating the engine at the time of the collision? As we have heretofore indicated, this question was answered by the trial court in favor of defendant, and plaintiff has appealed.

The question proposed by the record in this case is one of agency. To make use of the language of Circuit Justice Taft, now Chief Justice of the Supreme Court of the United States, in Byrne v. Kansas City, etc., R. R. Co. (C. C. A.) 61 F. 605, 607, 24 L. R. A. 693, the result is determined by the answer to the further questions, whose work was the servant doing? and under whose control was he doing it? These questions were in that case answered, more at length, to be sure, but in substance by a quotation from Chief Justice Cockburn's judgment in Ronoke v. Colliery Co., 2 C. P. Div. 205, as follows: "When one person lends his servant to another for a particular employment, the servant, for anything done in that employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him." The ruling of the Supreme Court of the United States in Linstead v. Chesapeake & Ohio Rwy. Co., 276 U. S. 28, 48 S. Ct. 241, 72 L. Ed. 453, will be sufficiently shown by the following from the headnote: "Though the men were paid by the Big Four [Railroad] and subject to discharge or suspension only by it, the traffic was C. & O. [Chesapeake & Ohio] traffic, * * * and the work was done under the rules of that railroad and under the immediate supervision of its trainmaster." In that case the court quoted Standard Oil v. Anderson, 212 U. S. 215, 29 S. Ct. 252, 254, 53 L. Ed. 480, as follows: "The master's responsibility cannot be extended beyond the limits of the master's work. If the servant is doing his own work or that of some other, the master is not answerable for his negligence in the performance of it," and a good deal more to the same effect.

In Scarborough v. Alabama Midland, 94 Ala. 497, 10 So. 316, this court cited, with evident approval, cases from other jurisdictions going to show that a railroad company is not liable for damages resulting from the negligent management of one of its trains used and controlled by construction contractors for construction purposes on a portion of its road built under construction contract, and not yet turned over to the railroad company, though the train employés are hired and paid by the railroad company—this the court said, though the case then before it did not call for the application of the rule stated in the cited authorities.

Applying the principle of the cases to which we have referred it becomes necessary to hold that the engineer operating the contractor's engine at the time of plaintiff's hurt, and of whose negligence in that operation plaintiff in this cause complains, was not the servant or employé of defendant, but of the contractor, and that the general charge was properly given on defendant's request. Central of Ga. v. Garner, 219 Ala. 441, 122 So. 429.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.