### H. J. SNOW v. E. E. WALKER ET AL.

1. ESTOPPEL.—The submission by the mother to arbitrators, of matters concerning an estate in which the mother and her minor children have a common interest, will not estop such minors from asserting claim to such estate.

2. A party interested in a matter submitted to arbitration, though not a party to the controversy, having notice of and consenting to the proceedings, as also one not consenting to the settlement, but receiving the due proportion of the sum awarded, is estopped from suit upon the matters determined by the award.

ERROR from Kaufman. Tried below before the Hon. M. H. Bonner.

This was a suit brought in the District Court of Kaufman county, December 11, 1870, by the heirs-at-law of R. H. Temple, on a note for $1,626, executed March 4, 1862, by H. J. Snow and A. J. Burton to M. T. Stephenson, as administrator of Temple.

Defendant, Snow, answered, alleging that on the 1st day of April, 1867, in a suit between defendant and Susan Nichols, one of the plaintiffs, in the County Court of Kaufman county, it was agreed between the parties to submit all matters in controversy to arbitrators; that the arbitrators reported to the court that Susan Nichols was indebted to Snow $885.21, on which judgment was rendered, and the note delivered up and canceled.

Plaintiffs amended their petition, alleging the note to be the property of the estate of R. H. Temple, and that Susan Nichols had no authority to submit the matter to the arbitrators; that at the time of the submission the plaintiffs, with the exception of Susan Nichols, were minors, and not represented in the County Court, or in any way made parties to the suit.

Defendants excepted to plaintiffs' amended petition, which the court overruled, and plaintiffs excepted to defendants' amended answer, because it did not appear that Susan Nichols had authority to submit the note to the arbitrators, which exceptions the court sustained.

Judgment was rendered in favor of the plaintiffs, who were minors at the time of the suit in the County Court, and against those defendants of age at that time and represented, from which both plaintiffs and defendants appealed.

No brief for plaintiff in error.

*J. J. Hill,* for defendant in error.

REEVES, ASSOCIATE JUSTICE.—The plaintiff and the defendants in error both prosecuted writs of error from the judgment of the District Court, with separate assignments of error for reversing the judgment.

Plaintiff's first assignment is understood as referring to the ruling of the court upon his exceptions to the amended petition, and so considering it, we are of opinion that the court did not err in overruling the exceptions.

2. It is further complained that the court erred in ruling that the minors, who were plaintiffs in the District Court, were not estopped by their acts.

3. The court erred in finding for part of the plaintiffs, whereas it should have found for defendant.

There is no appearance in this court for plaintiff in error, and we are left to conjecture as to the acts of the minor plaintiffs, from which it might be contended that they were estopped from asserting any right they may have had in the estate of R. H. Temple, deceased.

It is not pretended that the promissory note, the subject matter of the suit, was necessary for the payment of any demands against the deceased, or that these minor plaintiffs were barred, or that they could be deprived of their share in this note or its proceeds by any law of limitation. It was admitted on the trial that the promissory note in controversy was executed by the plaintiff in error, and that the minor heirs and the other parties who were plaintiffs in the District Court are the heirs-at-law of R. H. Temple, and that they are interested in his estate. These facts

being admitted, and also that these parties are minors,
it was incumbent on the defendant, Snow, to prove such
further facts as would be sufficient in law to defeat their
claim to an interest in the estate of R. H. Temple, or, in
the proceeds of the note, by establishing a better right in
himself or in the party he claims under. This he attempts
to do by the agreement entered into with Mrs. Nichols,
one of the plaintiffs in the suit, and the mother of the
minors, for the settlement by arbitration of the then pend-
ing litigation in the County Court between the plaintiff,
Snow, and Mrs. Nichols, and in which it was stipulated
that Snow's note to Temple's estate was to be taken into
the account. Whatever may be the effect of this agree-
ment, and the award of the arbitrators, and the judgments
of the County Court, as between the immediate parties, and
as to others capable in law of contracting, and who may
have consented to that mode of settlement, the settlement
was without force as to the minor heirs, and imposed no
obligation upon them. It appears that Mrs. Nichols had
been appointed administratrix *pro tem.* of Temple's estate,
though there is nothing in the agreement or the subse-
quent proceedings founded on it to warrant the conclusion
that she was acting in that capacity in the arbitration. It
is not material to inquire in what capacity she may have
acted, as the agreement was without force as to her minor
children, and it does not nor did she assume to bind them.
It is a fair inference from the terms of the agreement that
the note in question was not in her possession at the time
the agreement was entered into. She stipulates " to pro-
cure the note and to release Snow from any liability for
the same other than said arbitrators may find due thereon,
and to have the same delivered up to said arbitrators to be
canceled." It is apparent that the plaintiff in error re-
garded Mrs. Nichols alone as the party who should be
responsible to him for any failure to comply with the terms
of the agreement, and not the minor heirs. The note was

payable to Stephenson, as administrator of Temple's estate, and therefore it could not be contended that the plaintiff in error was ignorant of the fact that he was dealing with the property of the estate of Temple, and also that he was contracting with a party who had no legal right to control the note beyond her own share in it, and to the prejudice of her infant children.

The share or interest of each one of the defendants in error was admitted on the trial, for which the court rendered judgment for them, and in this there is no error.

The District Court further decreed that the adult plaintiffs in the suit, Susan Nichols, W. T. Nichols, H. T. Moore, and V. A. Moore, take nothing by their suit. From this judgment they prosecute their writ of error. The errors assigned and by them relied upon for a reversal of the judgment, consist of the action of the court upon exceptions by the plaintiffs to the defendant's answers. The defendant plead the agreement between himself and Mrs. Nichols, and the award of the arbitrators, and the judgments of the County Court in estoppel, in bar of the plaintiff's suit in the District Court.

The judgment of the District Court recites that the "exceptions to so much of the answer as sets up the arbitration, the award, and the judgments of the County Court thereon, in so far as the same affects the interest of the heirs of the said R. H. Temple, who were at that time minors, are sustained, and in so far as the same affects the interest of the said Susan Nichols, are overruled, and in so far as the same affects the other heirs who are not minors, are overruled, to be finally disposed of after the testimony is heard upon the plea of estoppel." The other exceptions were overruled. The ruling of the court on the final hearing has been referred to.

The defendant, Snow, introduced in evidence the proceedings of the County Court of Kaufman county, as shown by plaintiff's bills of exceptions. The rulings of

the court admitting in evidence these proceedings, and the exceptions of the plaintiffs to defendant's pleading, and the judgment sustaining the defendants' pleas in estoppel as to the adult plaintiffs, are assigned for error as the grounds for reversing the judgment.

The authorities cited in the brief of counsel for these parties are not regarded as applicable to this case. The judgments of the County Court were each for a sum within the jurisdiction of the court.

It is not necessary to inquire how the amount due from one party to the other was arrived at. The parties themselves might have made the settlement, instead of submitting it to arbitration. The County Court did not take jurisdiction over the settlement, but after it was made the parties appeared, by their attorneys, and the judgment was entered up, without objection, in each of the cases, all in favor of H. J. Snow and against Mrs. Nichols for a sum over which the County Court had jurisdiction, and corresponding in the aggregate with the amount awarded to plaintiff in the suits. The adult plaintiffs, except Lewis Felts, had notice, and consented to the proceedings in the County Court, as admitted on the trial, and the judgments were acquiesced in for some time after the rendition, as appears by the payment made by Mrs. Nichols.

The plaintiff, Lewis Felts, who did not consent to the settlement in the County Court, recovered the shares of his deceased wife, and his right to recover in the capacity in which he sues is not questioned by the other parties, and is not considered in the disposition now made of the case.

We are of opinion that there is no error in the rulings and judgment of the District Court, on any of the grounds assigned by either party, and the judgment is in all things affirmed.

The application for damages on defendant's suggestion of delay is refused.

                                        AFFIRMED.