### George W. Prescott v. Miner Patterson et al.

*Error—Estoppel by acceptance of satisfaction.*

An allegation of error based upon instructions to the jury will not be considered if the portion of the charge to which it refers is not excepted to.

Unconditional acceptance of a township order in satisfaction of damages occasioned by laying out a highway estops one from afterwards contesting the proceedings on the ground of mere irregularities therein.

An exception to a charge is bad where it covers distinct propositions of which some are in favor of the excepting party.

Error to Kent. Submitted Jan. 5. Decided Jan. 10.

Trespass. Plaintiff brings error. Affirmed.

*D. E. Corbitt* for appellant.

*Maynard & Wanty* for appellee. If a plaintiff complaining of the laying out of a highway across his premises as a trespass accepts the township order for compensation due him he cannot object to the validity of the proceedings: *Baker v. Braman* 6 Hill 47; *Embury v. Conner*

3 N. Y. 511; *Detmold v. Drake* 46 N. Y. 318; *Mobile &c. R. R. Co. v. State* 29 Ala. 586; *Chatterton v. Parrott* 46 Mich. 436.

GRAVES, C. J.   The defendants being highway commissioners went on to premises claimed to be a highway through the plaintiff's land and removed certain fences which were there standing and he sued in trespass before a justice and the case was certified to the circuit court, where a verdict was given for the defendants.   He took no objections to evidence nor preferred any requests for instructions.   But he seeks a reversal on two allegations of error against the charge given by the court.   The first is not supported by the record.   The portion of the charge to which it refers was not excepted to.   Moreover, the only exception having any relation to the subject proceeded on a mistake of fact.   The other charge of error rests on a single exception covering distinct propositions, of which some were in the plaintiff's favor and undoubtedly accurate.   Still, if the allegations of error had any basis, they would not avail anything to the plaintiff.

The validity of the proceedings to lay out the highway was disputed and it was claimed that the plaintiff appealed to the township boards and that they decided against him after a hearing on the merits, and moreover that he actually received a township order for the damages awarded to him in the very proceedings complained of. He contended that the appeal was irregular and ineffectual and that although he took the order at one time, he yet never accepted it unconditionally and subsequently tendered it back.

The jury were instructed that admitting that the proceedings to lay out the highway were not regular, still if the plaintiff actually accepted the order in satisfaction of his damages and without any condition, it was sufficient to estop him from setting up the irregularities, and in answer to a request they found specifically that he did take the order and with the intention at the time that it should be in

"payment for his land and [for] letting the public have the right of way over it."

We think the charge was correct on this question and that the finding of the jury was decisive. *Chatterton v. Parrott* 46 Mich. 432; *Kile v. Town of Yellowhead* 80 Ill. 208; *Kellogg v. United States* 1 Ct. of Cl. 310; *Snow v. Walker* 42 Tex. 154.

The judgment must be affirmed with costs.

The other Justices concurred.