ROBERT POUND AND MARY POUND v. THE PORT HURON & SOUTHWESTERN RAILWAY COMPANY.

*Railway fencing—Injuries to crops by cattle escaping from the right of way—Refusal of instructions—Exceptions.*

1. A railway company's liability for an injury done to crops by cattle that have gone upon the premises in consequence of the company's neglect to fence its right of way, is not changed by the fact that the road was at the time in the hands of a contractor who had nothing to do with the fencing.

2. Requests to charge are properly refused if the judge, instead of giving the requests, fully and correctly instructs the jury as to the law applicable to the case.

3. An exception to refusals to charge is too general which states that "the court refused to give any of the foregoing requests, and the counsel for defendant in due time and form excepted to each refusal."

4. A railroad company is required to fence its right of way so that cattle can not come upon it. How. Stat. § 3377. *Held,* that where a company had acquired a right of way across a farm and had taken down the fences already on the premises, it was liable for injuries done to the crops by cattle which had come upon the right of way and had escaped therefrom upon the farm.

Error to St. Clair. (Stevens, J.) April 29.—June 4.

CASE. Defendant brings error. Affirmed.

*Avery Brothers* for appellant.

*Frank Whipple* for appellees.

SHERWOOD, J. The plaintiff brought an action on the case for an injury done to his grain and crops in 1882 by cattle entering upon his premises by reason of the defendant's failure to fence its right of way, as required by statute. The plaintiff had judgment for one hundred dollars and defendant brings error.

From the record, which is very full, it appears. that the injury occurred while defendant was building the road. One J. S. Casement had the contract for grubbing, clearing and grading the track, and this is supposed by defendant to release it from whatever liability there may be to the plaintiff for the damage done him. This is a mistake. See 2 Thomp. Neg. 903–908. Casement's contract had nothing to do with building or maintaining fences along the right of way, and in no way affected the defendant's liability any more than the negligent action of any other of the employees of the company.

No exceptions were taken to the rulings in admitting the testimony. Seven requests were made by defendant's counsel for the court to charge, all of which were refused by the circuit judge, and in lieu thereof he charged the jury in his own language, and upon his own motion. This course is quite proper, and many times preferable, if the law applicable to the case is correctly and fully given. See *Campau v. Dubois* 39 Mich. 274.

The exception taken by defendant's counsel to the refusal to give his requests in the language stated by him is very general, and is hardly to be taken distributively under the former rulings of this Court. The language used is: "The court refused to give any of the foregoing requests, and the counsel for defendant in due time and form excepted to each refusal." *Browne v. Moore* 32 Mich. 254; *Polhemus v. Ann Arbor Savings Bank* 27 Mich. 44; *Niles v. Rhodes* 7 Mich. 374.

If, however, we give the defendant the full benefit of all his exceptions to the court's refusal to charge, we do not think his defense can prevail. How. Stat. § 3377 requires every railroad company to fence its right of way in such manner that cattle cannot get thereon. The evidence in this case shows that it was by getting upon the right of way and passing therefrom into the plaintiff's field that they were enabled to do the damage complained of. The right of way passed over the plaintiff's land.

It further appears that the premises where the property of

plaintiff was injured was well and securely fenced, and suffi-
ciently protected to secure the crops from injury and depre-
dations by stock until the defendant entered upon the same
and took down and away the fences, and thus left the fields
exposed to the inroads of cattle coming upon and across· its
right of way.    In doing this the company incurred the liabil-
ity claimed by the plaintiff.    The company, it is true, had
secured the right of way over the plaintiff's land, but not the
right to expose the plaintiff's grain and crops to destruction
by neighbor's stock, or even by plaintiff's own cattle; and
that, it seems, is what was done in this case.

We find nothing in the record to support defendant's first
and second requests.    They are clearly erroneous.    There was
nothing upon which to base defendant's third, fourth, sixth
and seventh requests.    The charge fully covers all that is
contained in any of the requests necessary to be given to the
jury.

We find no error in the charge or in the record, and

The judgment must be affirmed.

The other Justices concurred.