The Chicago, Kansas & Western Railroad Company v. James Hutchinson.

CATTLE-GUARDS, *Not Made—Liability.* A railroad company cannot escape from liability for its failure to perform the statutory duty to make proper cattle-guards on its road when it enters or when it leaves improved or fenced land, on the ground that a contractor grading the road or laying track thereon neglected to put up proper guards.

*Error from Wilson District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*J. W. Sutherland,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: James Hutchinson brought his action against the Chicago, Kansas & Western Railroad Company, to recover damages for failure to construct cattle-guards. He claimed damages to his crops in the sum of $50, and for time and labor in guarding his premises, $125. The jury returned a verdict in favor of the plaintiff and against the railroad company for $85. Judgment was entered thereon. The railroad company excepted, and brings the case here.

From the evidence adduced at the trial, it appears that in 1886 the railroad company constructed a line of railroad through Wilson county and across the premises of Hutchin-

son; that upon some portion of the road and including the track across the land of Hutchinson, the company let to some person the contract to do the grading of the road-bed, and to some other person the contract to lay the track; that the track was laid across the land on the 19th day of July, 1886; that at that time the track-layers and graders moved on west and were not there any more; that up to that time no damage was claimed; that construction trains commenced running on the road and across the land as soon as the track was laid, but no passenger trains were run until October 2d, 1886. At that time the railroad company took full charge and possession of the road.

It is claimed that the trial court erred in instructing the jury as follows:

"As regards the right of the plaintiff to recover, I will say further that it makes no difference in this case whether the railroad in question was constructed by the defendant company or by the construction company."

We perceive no error in the language used. Paragraph 1259, Gen. Stat. 1889, reads:

"When any railroad runs through any improved or fenced land, said railroad company shall make proper cattle-guards on such railroad when they enter and when they leave such improved or fenced land."

We think that the duty of making proper cattle-guards by a railroad company, when its road enters and when it leaves any improved or fenced land on its right-of-way, is a duty to the land-owner from the railroad company, annexed by statute to the privileges granted the corporation, and that the failure to perform the duty is not excused by alleging or proving the negligence of a contractor grading the road or of a contractor laying the track upon the road. (*Nelson v. V. & C. Rld. Co.*, 26 Vt. 717; *H. & G. N. Rld. Co. v. Meador*, 50 Tex. 77; *B. C. & E. S. Rld. Co. v. Austin*, 21 Mich. 390; *Lowell v. B. & L. Rld. Corp.*, 23 Pick. 24; see also *Railroad Co. v. Sharp*, 27 Kas. 134; *St. L. & S. F. Rly. Co. v. Ritz*, 33 id. 404; *Railroad Co. v. Morrow*, 32 id. 217; *A. T. & S. F. Rld. Co. v. Shaft*,

33 id. 522; *Railroad Co. v. Wilson*, 28 id. 637; *Mo. Pac. Rly. Co. v. King*, 31 id. 500; *Mo. Pac. Rly. Co. v. Manson*, 31 id. 337; *U. P. Rly. Co. v. Harris*, 28 id. 206, and *Railroad Co. v. Curl*, 28 id. 622.)

In *Railway Co. v. Fitzsimmons*, 18 Kas. 34, and *Railroad Co. v. Willis*, 38 id. 330, no statutory duty cast upon a railroad company was involved.

The judgment of the district court will be affirmed.

All the Justices concurring.