## ANNA MARKS, RESPONDENT, *v.* BELLE TOMPKINS, APPELLANT.

PLEADING.—COUNTER-CLAIM.—SAME TRANSACTION.—Under section 322, 2 Comp Laws 1888, allowing defendant to set up as a counter-claim an action existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action and arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, a defendant in an action by a person who has been forcibly ejected from land for an injunction and for damages for injury to the real estate, cannot set up as a counter-claim damages caused by plaintiff in regaining possession under cover of an injunction but happening several days after the first trespass.

EVIDENCE.—CREDIBILITY OF WITNESS.—ANIMUS.—Evidence of what damages plaintiff caused by wanton injuries to real property, which plaintiff having been forcibly ejected from has regained possession of by means of an injunction, is not admissible either for the purpose of showing the animus of the plaintiff as a witness or as affecting her testimony and standing as a witness.

APPEAL.—EXCEPTIONS TO CHARGE.—An exception to the charge of the court as given, and to the refusal of the court to charge as requested, is too general both for an exception to the charge as given and for the request refused, where it appears that several requests were made, some of which were objectionable.

Appeal from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Sutherland and Judd,* for the appellant.

*Mr. Joseph L. Rawlins,* for the respondent.

MINER, J.:

On August 5, 1889, the plaintiff filed her complaint, alleging ownership and possession of the premises described therein, together with the house and improvements thereon, and that about August 1, 1889, the defendant willfully and maliciously entered thereon, and tore down the said improvements, etc., to the plaintiff's damage of $1,000. On filing such complaint, an injunction was obtained as prayed for, restraining defendant from entering upon said premises, or in any manner interfering therewith. The defendant's answer filed September 27, 1890, denies the allegations in the complaint, and alleges, by way of counter-claim, that she is the owner and in the possession of the premises described in the complaint, and has been for fifteen years, subject to the paramount title of the United States therein ; and that, after the injunction was allowed and served, the plaintiff entered upon and took possession of the premises in question, demolishing the buildings and the fences thereon erected by the defendant, and thereby injured defendant in the sum of $500, and prayed for judgment, etc.

This cause appears to be the last of a series of actions between the same parties growing out of the adverse right to this land, one of which is reported in 6 Utah, 419. It appears from the testimony given on the part of the plaintiff that she built a dwelling on the land in question in 1889, and fenced it ; that she had occupied the building about eight months, when she was forcibly removed therefrom by the defendant and others on August 1, 1889, and the improvements she had made thereon were destroyed ; that the defendant immediately took possession and built a building thereon, and fenced it, whereupon the plaintiff then commenced this suit, and ob-

tained an injunction, under the cover of which plaintiff again took possession of the lot; whereupon the defendant's counsel offered to prove in her defense, under a counter-claim set up with the answer, that just after the plaintiff commenced this suit and obtained her injunction therein, and before the defendant's answer and counter-claim was filed, plaintiff took possession of the lot, and pulled down a building, previously erected thereon by the defendant, and erected one in its place, for which defendant sought to recover damages under her counter-claim in this action. The court refused the offer, and rejected the testimony, to which ruling the defendant alleged error.

Under section 3226 of the Compiled Laws of 1888, the defendant would be entitled to set up a statement of any new matter constituting a defense or counter-claim, existing in favor of the defendant, and against the plaintiff, between whom a several judgment might be had in this action, and arising out of the transaction set forth in the complaint as a foundation of the plaintiff's claim, or connected with the subject of the action, and prove the fact on the trial; but the matter set up and sought to be proven is clearly not a counter-claim, within the meaning of the statute. The facts alleged and sought to be proven were a distinct trespass, committed by the plaintiff several days after the trespass, as alleged in the complaint, was committed by the defendant, and to hold that one trespass committed by one party, under such circumstances, could be counter-claimed or set off against another trespass committed by the other party, at any other time, would be a departure from the rule governing such cases. *Pattison* v. *Richards,* 22 Barb. 143; *Barhyte* v. *Hughes,* 33 Barb. 320; *MacDougall* v. *Maguire,* 35 Cal. 274. "Claims of damages from torts, when attempted to be enforced against causes for

damages also arising from other torts, have, as a rule, been rejected;" and courts have adopted or assumed, as a general principle, that such cross-demand can never arise from the transaction set forth by the plaintiff as the foundation of the claim, especially when the trespasses or torts are separate and distinct from each other, and not connected with the transaction, foundation, or subject of the action, or when the tort sought to be counterclaimed was not committed until after the cause of action was commenced wherein the counter-claim is made. Pom. Rem. § 790, p. 831; *Shelly* v. *Vanarsdoll,* 23 Ind. 543; *Askins* v. *Hearns,* 3 Abb. Pr. 184.

The defendant may have an independent cause of action for the alleged trespass in tearing down her building, but it does not arise out of the transaction connected with the subject or foundation of the action, as alleged in the complaint. Therefore there was no error in rejecting the testimony offered; nor do we think the testimony offered was competent, under this issue, for the purpose of showing the *animus* of the plaintiff, or as affecting her testimony, and standing as a witness. The plaintiff was in possession of the house at the time it was torn down by the defendant, and had been in actual occupancy of the same for several months. The fact that the defendant owned the ground or was entitled to the possession of it, or that plaintiff's possession was wrongful, would not justify her in using force in ejecting the plaintiff from the premises, or tearing down the building in which she dwelt, without legal process or warrant. If her possession was wrongful, it would have been an easy matter to have tested her right of possession by legal means. The fact that the plaintiff regained possession of the premises under cover of the writ of injunction issued in this case, and then committed another trespass upon the property of the defendant,

does not protect her from the legal consequences of her wrong-doing, nor justify another wrong on the part of the defendant.

The charge of the court did not fully submit to the jury the theory of the defendant's case, but the main questions involved were substantially covered by the charge as given. The exceptions taken to the refusal of the court to charge as requested were not sufficiently specific. "An exception to the charge as given, and to the refusal of the court to charge as requested," is too general, when several requests are proposed, and it appears that some of them are objectionable. Exceptions to the charge given, or the refusal to charge as requested, should be specific enough to show what parts of it are regarded as erroneous, or how it injuriously affects the rights of the party complaining; and these exceptions should be made and pointed out before the verdict of the jury is reached, so that the judge may have an opportunity to correct any errors which he may have inadvertently fallen into during the hurry and perplexities of the trial. *Geary* v. *People,* 22 Mich. 220; *Pound* v *Railway Co.,* 54 Mich. 13, 19 N. W. Rep. 570 ; *People* v *Garbutt,* 17 Mich. 9; *Prescott* v. *Patterson,* 49 Mich. 622, 14 N. W. Rep. 571; *Tupper* v. *Kilduff,* 26 Mich. 397; *Hicks* v. *Coleman,* 25 Cal. 146; *Robinson* v. *Railroad Co.,* 48 Cal. 425. Upon the whole record, we find no error sufficient to justify a reversal of the judgment. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and ANDERSON, J., concurred.