## KATIE MAHAR *vs.* BERNARD STEUER.

Suffolk.   January 18, 1898. — March 2, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Due Care — Law and Fact — Contract — Municipal Ordinance — Instructions.*

In an action for personal injuries, there was evidence that in front of the defendant's premises, upon which he was erecting buildings, and within the limits of the public street and close to the space open for public travel, heavy foundation stones were piled up so insecurely as to be liable to be shaken down by passing vehicles; that he was present personally, and gave directions as to placing the stones there; that the plaintiff, a girl ten years old, while on her way home, was waiting for a moment near the pile of stones until a team should pass; that she did not meddle with the stones; and that the top stone was shaken down by the passing team and fell upon her. *Held,* that there was some evidence of negligence on the part of the defendant, and of due care on the part of the plaintiff; and that the question whether she was careless in standing in that place was for the jury.

The fact that a passing team struck a pile of foundation stones placed, by the owner's direction, in front of premises upon which he was erecting buildings, and within the limits of the public street and close to the space open for public travel, and caused one of the stones to fall upon and injure a person standing near, does not entitle the former, in an action by the latter against him for the injury, to a ruling that he is not liable, as matter of law.

If the owner of premises upon which he is erecting buildings assumes control of foundation stones as they come from the cart which delivers them, or directs the contractor where to put them, he may be held responsible for negligence in respect of them, although but for his interference the contractor alone would be responsible.

The repetition, at the end of the charge, of an instruction upon a point which has been fully explained to the jury, though unnecessary, furnishes no ground of exception.

Courts other than municipal courts do not take judicial notice of municipal ordinances and by-laws.

At the trial of an action for personal injuries caused by the falling upon the plaintiff of a stone from a pile of foundation stones in front of the defendant's premises on which he was erecting buildings, the judge instructed the jury, in substance,

that the defendant, as the owner of abutting land, had the right to use the highway temporarily for the purpose of placing things upon it to such an extent as would not interfere with the rights of the travelling public; and refused an instruction, requested after the conclusion of the charge, that the defendant "had a right to use so much of the highway as was permitted under the laws of the city, although it might have limited the full use by the public of the highway." *Held*, that the request was rightly refused.

TORT, for personal injuries occasioned to the plaintiff, through the alleged negligence of the defendant in placing in front of his premises in Boston a pile of stones, one of which fell upon the plaintiff, who was ten years old at the time of the accident. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*M. Fischacher*, for the defendant.

*C. A. Reed*, (*M. W. Brick* with him,) for the plaintiff.

ALLEN, J.   1.   There was some evidence of negligence on the part of the defendant, viz. that in front of his premises upon which he was erecting buildings, and within the limits of the public street, and close to the space open for public travel, heavy foundation stones were piled up so insecurely as to be liable to be shaken down by passing vehicles; and that he was present personally, and gave directions as to placing the stones there.

2.   There was also some evidence of due care on the part of the plaintiff, viz. that she, a young girl, while on her way home, was waiting for a moment near the pile of stones till a team should pass, that she did not meddle with the stones, and that the top stone was shaken down by the passing team and fell upon her.   Whether she was careless in standing in that place was for the jury.

3.   Even if the passing team struck the pile of stones, and thus caused one of them to fall upon the plaintiff, it does not follow, as matter of law, that the defendant is not liable, and the request for an instruction to this effect was rightly refused.   If the stones were so carelessly piled in such an exposed position in the street that in the ordinary course of things a passing team or vehicle was likely to come in collision with them and throw them over, the defendant might be responsible for the consequences of a failure to guard against this contingency.   *McCauley* v. *Norcross*, 155 Mass. 584.

4. If the defendant assumed control of the stones as they came from the cart, or directed the contractor where to put them, he might be held responsible for negligence in respect to them, although but for his interference the contractor alone would be responsible. If it was the contractor's duty under his contract to deliver and deposit the stones in a safe place and in a safe manner, this fact would not relieve the defendant if he in fact took control, though it would relieve him if he did not in fact take control. All this was fully explained to the jury, and the repetition at the end of the charge, though unnecessary, furnishes no ground of exception.

5. The defendant, after the conclusion of the charge, asked an instruction that he " had a right to use so much of the highway as was permitted under the laws of the city of Boston, although it might have limited the full use by the public of the highway." No city ordinance had been put in evidence, or brought to the attention of the court or jury, but the defendant cites one to us, and argues that the court at the trial should have taken judicial notice of it. But courts, unless municipal courts, do not take judicial notice of municipal ordinances and by-laws. Dillon, Mun. Corp. (4th ed.) §§ 83, 413, 422. Besides, the meaning of the request is not plain, and the court might well refuse to give it on that account alone. In any case, the defendant could have lost nothing that he was entitled to, because the court gave instructions as to an abutting owner's right to the use of the highway for the temporary deposit of articles thereon, in front of his land, which were sufficiently favorable to the defendant.*

We believe this covers all of the exceptions argued.

*Exceptions overruled.*

---

* These instructions were as follows: " The owner of the abutting land has a right to the use of the highway to that extent that it does not interfere with the proper use by the travelling public of that highway. You' may see that this may be very different in different localities. In the thick part of the city, like Tremont or Washington Street, you might say any use of the highway or sidewalk by the abutter, that is, by placing things upon it, would not be allowed because the travel is such upon it that it would be an inconvenience to travellers. You might say in a remote part of the city, where there is but very little travel, the effect of placing things in the highway, with room enough left for everybody that had occasion to use it, and leaving

them there for a reasonable time, would not be inconsistent with a fair and reasonable use of the highway. . . . This defendant was the owner of land abutting on this highway.   Then he had a right to use that highway to such an extent, temporarily, for the purpose of leaving anything upon it, as you shall say upon the evidence would not be an unreasonable use of it, taking into account the rights of the travelling public there."