THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. R. M. MADDEN.

No. 15,309.   (93 Pac. 586.)

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Independent Contractor—Liability of Employer.*
It is a general rule that one who employs another to do a
piece of work is not liable for the other's collateral negligence
unless the relation of master and servant exists between them.
The following exceptions to the general rule apply to and
govern this case: (*a*) Whenever an injury to a third party
results from the failure of the employer to perform a duty
which he owes to such party he will not be permitted to
avoid his liability by letting the performance of the work to
another. (*b*) One who has a piece of work to perform which
in its nature is dangerous to others is under obligation to see
that it is carefully performed so as to avoid injury, and he
cannot delegate the obligation to an independent contractor
and thus avoid his liability in case the work is negligently
done to the injury of another.

2. RAILROADS—*Injury by Fire Set Out by Independent Con-
tractor.* A railroad company let a contract to another to burn
a fire-guard along its right of way. Through the negligence
of the contractor the fire escaped his control and damaged the
property of the plaintiff. *Held:* (*a*) That the work was per-
formed as a part of the operation of the railroad, and that the
railroad company could not, by delegating the work to an in-
dependent contractor, avoid the liability placed upon it by
statute (Gen. Stat. 1901, § 5923). (*b*) That, the work being
of a character from which in the natural course of things in-
jurious consequences to others might be expected to result un-
less means were adopted to prevent such consequences, the
railroad company was bound to see that measures were taken
to prevent such injury, and could not avoid the obligation by
letting the work to an independent contractor.

Error from Butler district court; GRANVILLE P. AIK-
MAN, judge.   Opinion filed January 11, 1908.   Af-
firmed.

*L. F. Parker, W. F. Evans,* and *H. C. Sluss,* for plain-
tiff in error.

*T. A. Kramer,* for defendant in error.

Railroad Co. v. Madden.

The opinion of the court was delivered by

PORTER, J.: In 1904 plaintiff in error entered into a contract with Isaac Gregory to burn the grass on a strip 300 feet wide on each side of its right of way in Cowley county for a distance of seven miles. While engaged in burning this strip the fire escaped from his control, ran over the land of defendant in error and destroyed the grass on the ground and the hay in stack. The owner of the land recovered a judgment against the railroad company for the amount of the damages and attorneys' fees. The defendant brings error.

The sole contention of the railroad company is that Gregory was an independent contractor, not an employee of the company, and inasmuch as the relation of master and servant did not exist the company is not responsible for his negligence.

The contract between the railroad company and Gregory was in writing but was not put in evidence. It appears, however, that he had no other employment with the company, and the work was to be completed within a specified time, for which he was to be paid the sum of twelve dollars per mile. He testified that he was his own boss, and that he procured from the owners of adjacent lands their consent to enter thereon for the purpose of burning the fire-guard. On the day the fire was set out there was a strong wind blowing in the direction of the land of plaintiff, and it was this which caused the fire to escape control. Gregory testified that he was ordered by the foreman of the section gang of defendant to do the work that day, and that in pursuance of such order he set out the fire which caused the damage.

The single question to be determined, therefore, is whether under the circumstances of this case the railroad company is liable for the negligence of Gregory. The general rule is that the employer cannot be held responsible for the negligence of an independent con-

tractor. The party injured must look to the person whose actual negligence caused the injury. (*Kas. Cent. Rly. Co. v. Fitzsimmons,* 18 Kan. 34; *St. L., Ft. S. & W. Rld. Co. v. Willis, Adm'x,* 38 Kan. 330, 339, 16 Pac. 728; *Engel v. Eureka Club,* 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692; *Hexamer v. Webb,* 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; *Uppington v. City of New York,* 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; *The Wabash, St. Louis and Pacific Railway Company v. Farver,* 111 Ind. 195, 12 N. E. 296, 60 Am. Rep. 696. For additional authorities see note to *Central Coal & I. Co. v. Grider,* 65 L. R. A. 455.) There are, however, numerous well-established exceptions to the general rule. One of these is said to be that, where the employer retains the right to exercise authority as to the manner and method in which the work shall be performed, he will be held liable for injuries to third parties the same as though the relation of master and servant existed between him and the contractor. With respect to this exception the test most usually applied is not whether the owner actually exercised control over the work but whether he had the right to exercise direction or control. (*Atlantic Transport Co. v. Coneys,* 82 Fed. 177, 28 C. C. A. 388; *Hardaker v. Idle District Council,* [1896] 1 Q. B. 335; *Pickens & Plummer v. Diecker & Bro.,* 21 Ohio St. 212, 8 Am. Rep. 55; *Linnehan v. Rollins,* 137 Mass. 123, 50 Am. Rep. 287.)

Of course, the fact that the owner exercised control over the work during its performance would furnish some ground for the inference that he had reserved the right to do so by the terms of the contract itself. It is also apparent that in a case where the injuries resulted directly from his interference it would make no difference whether or not the relation of master and servant existed, because, under such circumstances, he would be regarded as the principal tort-feasor. (*Davie v. Levy & Sons,* 39 La. Ann. 551, 2 South. 395, 4 Am. St. Rep. 225; *Tutrix v. Sellers & Co.,* 39 La. Ann. 1011,

3 South. 363, 4 Am. St. Rep. 256; *Mahar v. Steuer,* 170 Mass. 454, 49 N. E. 741.)   On precisely the same principles rests the exception to the general rule which was recognized in *Cloud County v. Vickers,* 62 Kan. 25, 29, 61 Pac. 391, that where the injury is caused by defective construction inherent in the original plan of the employer or where defective plans and specifications for the work have been adopted by the employer the latter is liable.   Again, where the work to be done is in its nature dangerous to others, however carefully performed, the employer will be held liable, because it is incumbent upon him to foresee such danger and to take precautions against it.   (*Atlanta Railroad Co. v. Kimberly,* 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; *Bower v. Peate,* 1 Q. B. Div. [Eng.] 321; *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick,* 61 Ohio St. 215, 55 N. E. 618, 76 Am. St. Rep. 375.)   Nor is a person permitted to escape liability for his failure to perform a duty imposed upon him by law.   This principle is true whether the duty arises by virtue of a statute, as in *C. K. & W. Rld. Co. v. Hutchinson,* 45 Kan. 186, 26 Pac. 576, or where the duty is one imposed upon him by law.   (*Fowler v. Saks,* 18 D. C. 570, 7 L. R. A. 649.)   The cases illustrating the general rule and the numerous exceptions thereto may be found in a monographic note to *Covington, etc., Bridge Co. v. Steinbrock,* 76 Am. St. Rep. 375.   (See, also, extensive note to the case of *Central Coal & I. Co. v. Grider,* 65 L. R. A. 455, and note to *Louisville & N. R. Co. v. Tow,* 66 L. R. A. 941.)

Some of the exceptions we have noted above apply with more or less force to the present case.   It is the contention that the railroad company made itself liable by directing that the work should be done at a time when a strong wind was blowing.   It directed the work to be done on a certain day.   Presumably this was in accordance with the contract.   There was evidence showing that the fire escaped from the control of Greg-

ory on account of the high wind, and that except for the
order and direction of the foreman the fire would not
have been set out on that day. The fire was set out on
Monday; the order of the foreman was given on the
Saturday before, and there was no reason to suppose at
that time that Monday would not be a suitable day for
the work. It is not reasonable to presume that when
the foreman directed Gregory to begin the work on the
following Monday it was the intention thereby to de-
prive him of the use of all discretion in the matter, or
that the order meant that he should begin the work on
that day regardless of wind and weather. The right of
the employer to exercise a limited control over the work
without thereby destroying the independent character
of the contract has been recognized by the courts in
numerous cases. The rule seems to be well established
that where the control reserved does not apply to the
mode or manner of having the work done, and does not
in any way take the work out of the hands of the con-
tractor, it will not destroy the independent nature of
the contract. (*Railway Co. v. Loosley,* 76 Kan. 103, 90
Pac. 990.) In other words, the relation of master and
servant is not to be inferred from the reservation by the
employer of powers which do not deprive the contractor
of his right to use his own methods in accordance with
his contract. (See cases cited in note to *Central Coal
& I. Co. v. Grider,* 65 L. R. A. 455.) It would hardly be
a safe rule to establish to say that the mere direction of
an employer that he wanted the work done at a certain
time would render him liable for injuries resulting to
third parties, unless it were shown that the injuries
were such as might reasonably have been expected to
result from the giving of the order.

There are two exceptions, however, to the general
rule relieving an employer from liability caused by the
negligence of an independent contractor which, in our
opinion, govern this case and take it out of the opera-
tion of the rule. Whenever an injury to a third party

results from the failure of the employer to perform a duty which he owes to such party he will not be permitted to avoid his liability by letting the performance of the work to another. A familiar illustration is found in the law of master and servant. Where the master owes to the servant the duty of providing a safe place to work, or there is imposed upon him by the law any duty or obligation to the servant, he cannot, by letting out the performance of the work to an independent contractor, escape liability for injuries to the servant caused by his failure to perform the obligation. And it makes no difference whether the duty is imposed by statute or by the common law. (*Pickard v. Smith,* 10 Com. B., n. s., [Eng.] *470; *Gray v. Pullen,* 5 B. & S. [Eng.] *970.)

A railroad company is liable in damages to any person whose property is injured by fire caused by the negligent operation of its railroad. Our statute (Gen. Stat. 1901, § 5923) recognizes this common-law liability and provides that in actions against railroad companies to recover such damages certain rules of evidence shall obtain. It also allows the person injured to recover a reasonable attorney's fee in the action. (Gen. Stat. 1901, § 5924.) Thus there is cast upon the railroad company an obligation to the owner of property injured by fire caused by the operation of the railroad which is in many respects different from the obligation resting upon an individual who negligently permits fire to escape. This obligation is one which the railroad company cannot escape by farming out the contract for a part of the operation of its railroad to an independent contractor. In *Fowler v. Saks,* 18 D. C. 570, 7 L. R. A. 649, the owner of a building who let a contract to repair his building which required the taking down of a party wall was held liable to the adjoining owner for damages resulting therefrom. It appeared in that case that there was a building regulation in the District of Columbia requiring the owner of a building taking

down a party wall to respond in damages to the adjacent owner for any injuries occasioned thereby. In the opinion the court used this language:

"Another exception to the rule would be where a party is under an antecedent obligation to do a thing, or to do a thing in a particular way. In that case he cannot get rid of his responsibility by deputing it to somebody else." (Page 585.)

It was also said that the duty in that case rested upon defendant by operation of the common law, aside from any building regulation, and was one which could not be delegated to an independent contractor.

The object of burning the fire-guard which caused the injury to plaintiff's property was to enable the railroad company to operate its railroad without injury to the property of others. The purpose for which the work was performed was the same as a railroad company has in view when it provides screens and spark-arresters upon its engines. The work was therefore performed by the company in the operation of its railroad. Thus, in *Pound v. Port Huron & S. W. Ry. Co.*, 54 Mich. 13, 19 N. W. 570, the railroad company employed a contractor to grade its road-bed. Cattle escaped upon the right of way by reason of his failure to keep up the fences along the right of way. The company was held not to be released from its liability for the damage, for the reason that the duty to keep its right of way fenced was imposed upon it by law.

The present case falls within another exception to the general rule, which may be stated as follows: One who has a piece of work the performance of which is in its nature dangerous to others is under an obligation to see that it is carefully performed so as to avoid injury, and he cannot delegate the obligation to an independent contractor and thus avoid his liability in case the work is negligently done to the injury of another. That such is the law is settled by the weight of reason and authority. Thus, in *Bower v. Peate*, 1 Q. B. Div.

Railroad Co. v. Madden.

(Eng.) 321, a leading case, Lord Chief Justice Cockburn used the following language:

"That a man who orders a work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such consequences may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot relieve himself of his responsibility by employing some one else—whether it be the contractor employed to do the work from which the danger arises or some independent person—to do what is necessary to prevent the act he has ordered to be done from becoming wrongful. There is an obvious difference between committing work to a contractor to be executed from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise, unless preventive measures are adopted." (Page 326.)

In *Hardaker v. Idle District Council*, (1896) 1 Q. B. 335, a contractor was employed to construct a sewer for defendant. Owing to his negligence a gas-main was broken and gas escaped into the house where plaintiffs resided, causing injury to them and their property. Defendant was held liable because it owed a duty to the public, including plaintiffs, so to construct the sewer as not to injure the gas-main, and it was said that this duty could not be delegated to another so as to relieve it from liability. (To the same effect see *Tarry v. Ashton*, 1 Q. B. Div. [Eng.] 314; *Dalton v. Angus*, 6 App. Cas. [Eng.] 740; *Storrs v. The City of Utica*, 17 N. Y. 104, 72 Am. Dec. 437; *Water Company v. Ware*, 83 U. S. 566, 21 L. Ed. 485; *Black v. Christchurch Finance Co.*, (1894) App. Cas. [Eng.] 48.)

The case of *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick*, 61 Ohio St. 215, 55 N. E. 618, 76 Am. St. Rep. 375, also a party-wall case, was ruled the same way. In that case the court said:

"The duty need not be imposed by statute, though such is frequently the case. If it be a duty imposed by law, the principle is the same as if required by statute.

[Citing *Bower v. Peate,* 1 Q. B. Div. (Eng.) 321.] It arises at law in all cases where more or less danger to others is necessarily incident to the performance of the work let to contract. It is the danger to others incident to the performance of the work let to contract that raises the duty and which the employer cannot shift from himself to another, so as to avoid liability, should injury result to another from negligence in doing the work." (Page 224.)

In *Circleville v. Neuding,* 41 Ohio St. 465, and *Railroad Company v. Morey,* 47 Ohio St. 207, 24 N. E. 269, 7 L. R. A. 701, the same doctrine was declared. In the latter case the railroad company employed a contractor to do for it certain plumbing which involved the opening of the public highway for the purpose of laying a drain. Plaintiff in the night-time fell into the ditch by reason of the negligence of the contractor in not protecting it. The railroad company was held liable. It was said in the syllabus:

"One who causes work to be done is not liable, ordinarily, for injuries that result from carelessness in its performance by the employees of an independent contractor to whom he has let the work without reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing from the negligent act of the employee alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable though the negligence is that of an employee of an independent contractor."

The same principle is also one of the grounds upon which the exception was predicated in *Fowler v. Saks,* 18 D. C. 570, 7 L. R. A. 649. Indeed, authorities might be multiplied in support of the proposition that where the work is inherently dangerous to others the employer is under an obligation to see that it is carefully performed, and cannot escape liability by the employment of an independent contractor.

In the following cases, most of which involved damages occasioned by fires set out by contractors, the railroad company or employer was relieved of liability on the ground that the negligence was that of an independent contractor, but, so far as we have examined the cases, in none of them does it appear that the contractor was employed for the purpose of setting out fires, as in the present case; the fires were either set out to facilitate the work of clearing the land or right of way or for some incidental purpose, and escaped through the negligence of the contractor or his employees: *Eaton v. European and North American Railway Company,* 59 Me. 520, 8 Am. Rep. 430; *Callahan v. Burlington and Missouri River R. R. Co.,* 23 Iowa, 562; *Burbank v. Bethel Steam Mill Co.,* 75 Me. 373, 46 Am. Rep. 400; *Woodhill v. Great Western Railway Co.,* 4 U. C. C. P. (Canada) 449, 451; *Carroll v. The Corporation of Plympton,* 9 U. C. C. P. (Canada) 345; *Ferguson v. Hubbell,* 97 N. Y. 507, 49 Am. Rep. 544; *Gillson v. North Grey Railway Co.,* 35 U. C. Q. B. (Canada) 475.

In the last-mentioned case one of the justices dissented, and an important question involved was whether there was such an interference on the part of the employer as to destroy the independent character of the contract.

The case of *The Wabash, St. Louis and Pacific Railway Company v. Farver,* 111 Ind. 195, 12 N. E. 296, 60 Am. Rep. 696, is apparently opposed to this doctrine. There the railroad company was engaged in constructing a well from which to supply water for its engines. The running water interfered with the work, and the railroad company contracted with the owner of a small portable steam-engine to pump out the accumulating water in order to keep it out of the way. The plaintiff, driving on the highway, was injured by reason of his horses' fright at the engine. It was held that as the railroad company had no control over the use of the

engine it was not liable. Upon examination, however, it will be found that the principles upon which the decision turned are not in conflict with the doctrine we are considering. Here was an independent contract to do something which might be said to be a part of the operation of the railroad; but obviously the question whether the work was a part of the operation of the road was unimportant, for the reason that the company owed no particular duty by statute or common law to the public or to the plaintiff. The work was not dangerous, nor did it constitute a nuisance. In the opinion it was said that the use of a portable steam-engine for the purpose of pumping water in close proximity to a public highway is not necessarily a nuisance, if the engine is used in the proper manner. Injury could only result from its negligent use. It was also remarked that the work was not of a character which imposed upon the employer any peculiar obligation to the plaintiff or others using the highway, and that if the employer had been under peculiar obligations to the person injured it would have been liable for a breach of that duty, regardless of the relation between the employer and the person whose negligence caused the injury. In other words, the company might let to an independent contractor the performance of work in connection with the operation of its road without necessarily becoming liable to third persons for the negligence of the contractor. It is only where the company owes some duty or obligation to the third party, placed upon it by statute or arising out of the peculiar nature of the work itself, which prevents it from escaping liability by an independent contract.

The general rule and the particular exception we are considering were well stated by Lord Blackburn in *Dalton v. Angus,* 6 App. Cas. (Eng.) 740, in the following language:

"Ever since *Quarman v. Burnett* [6 M. & W. 499] it has been considered settled law that one employing another is not liable for his collateral negligence unless

Railroad Co. v. Madden.

the relation of master and servant existed between them. So that a person employing a contractor to do work is not liable for the negligence of that contractor or his servants. On the other hand, a person causing something to be done, the doing of which casts on him a duty, cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to a contractor. He may bargain with the contractor that he shall perform the duty and stipulate for an indemnity from him if it is not performed, but he cannot thereby relieve himself from liability to those injured by the failure to perform it." (Page 829.)

Let it be conceded that the burning of the fire-guard was a part of the operation of the railroad and the conclusion irresistibly follows that the defense of an independent contract is of no avail. The statute places upon the company an additional and peculiar obligation to the owner of property injured by fire in the operation of its road; it is made liable not only for all damages sustained but for reasonable attorneys' fees in an action brought to recover therefor. No obligation to pay attorneys' fees rests upon an individual through whose negligence damage by fire results to the property of another, and in order to recover against such individual the plaintiff would be obliged to prove negligence, while the statute provides that where the action is brought against a railroad company, and the fire was caused by the operation of the road, negligence is presumed as soon as these facts are shown.

We find no difficulty in determining that the work of burning the fire-guard was a part of the operation of the road. The company could not, therefore, absolve itself from the liability by letting out the work to an independent contractor, for the reason that it owed to the plaintiff an obligation, placed upon it by the law, to respond in damages for all injuries by fire thus caused; and for the further reason that it employed a dangerous agency which in the experience of every one required that precautions be taken to prevent damage to the property of others. Thus a second duty was cast

upon the railroad company not to cause the work to be done, either directly by its employees or indirectly by a contractor, without seeing that precautions were taken to prevent the escape of fire and consequent injury to the property of plaintiff. Neither of these obligations, or duties, could be avoided by delegating the performance of the work to another.

The judgment is affirmed.